Jacob Markowitz, J.
Motion to stay arbitration is granted. On August 28, 1957, respondent served a demand seeking arbitration of a $10,000 fire loss and a claim for $2,703 representing uncompleted work. These two items had been previously submitted to the architects designated in the contract for determination and their decisions thereon were rendered in October, 1956, and January, 1957. When respondent received copies of those decisions, it wrote the architects under date of October 10, 1956, requesting arbitration of the determination of October 2, 1956, and on January 14, 1957, the date of final *780 payment under the contract, respondent orally demanded arbitration of the architects’ decision rendered previously that month concerning the $2,703 claim.
Under the contract all disputes were to be arbitrated and a time limit was specified within which arbitration could be demanded. Article 39 of that agreement permitted arbitration of the architects’ decisions and article 40 provided that notice of a demand for arbitration shall be filed in writing with the architect and other party to the contract and such demand shall be made within 10 days after receipt of the architects’ decision. However, in no case shall the demand be made later than the date of final payment, except as otherwise expressly stipulated in the contract.
It appears that no agreement was made extending the time to serve the demand for arbitration either beyond the date of final payment or the 10-day period within which the parties could seek arbitration of the architects’ decisions. Since respondent never filed a written demand with petitioner as required by article 40 of the agreement, the letter of October 10, 1956, addressed to the architects cannot constitute a sufficient demand. Too, the oral demand is ineffectual because it was not made in writing.
As the demand served on August 28, 1957, did not contain the notice required by subdivision 2 of section 1458 of the Civil Practice Act, the 10-day limitation to move for a stay of arbitration does not apply with the result that the petitioner’s application for that relief is timely.
Since respondent failed to make a formal demand for arbitration as required by the contract and the demand of August 28, 1957, was served more than six months after the time to demand arbitration had expired, arbitration of the two disputed items herein is barred. (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36.) Arbitration of these items is no longer available and respondent is precluded from suing at law on the claims. That is the result of the agreement of the parties which provides for the exclusive remedy of arbitration and prevents either party thereto from avoiding the consequences of their agreement. The fact that petitioner obtained a stay does not operate as a waiver of its claim that respondent abandoned arbitration of these disputed items.
Settle order.