■ In the Matter of FRANK SCIBILIA, Respondent, v. CITY OF NIAGARA FALLS, Appellant.— Order unanimously reversed, without costs, and motion denied, with leave to plaintiff to file and serve a summons and complaint within 20 days after service of the order herein, if so advised, in accordance with the following memorandum: Special Term granted this order under that portion of subdivision 5 of section 50-e of the General Municipal Law, which vests discretionary authority in the court to grant leave to serve a late notice of claim where the claimant has failed to serve his notice within the time limited "by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier." We find no writing, standing by itself, which justified reliance upon settlement representations. However, if the allegations contained in the affidavit submitted by plaintiff in support of his application to serve a late notice are correct, it may well be that defendant, City of Niagara Falls, is estopped from setting up the defense of failure to fil timely notice of claim because of the activities, conduct and statements, combined with certain writings, of the representative of the insurance carrier representing said city. In such event, plaintiff would not be required to file a notice of claim. (See *Daley* v. *Greece Cent. School Dist. No. 1*, 21 A D 2d 976, affd. 17 N Y 2d 530; *Debes* v. *Monroe County Water Auth.*, 16 A D 2d 381.) In the complaint, if one is served, plaintiff should have the right to set forth the facts which establish that there is an estoppel against the defendant, which excused compliance by plaintiff with section 50-e of the General Municipal Law. (Appeal from order of Niagara Special Term granting permission to serve notice of claim.) Present — Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.

■ GUIDO PIETROBON, Individually and as Parent and Natural Guardian of LAWRENCE PIETROBON, an Infant, Appellant, v. FRANK IMMORDINO, Respondent.— Judgment and order unanimously affirmed, without costs. Memorandum: Defendant was vigorously cross-examined by plaintiff's counsel with regard to certain portions of a signed statement admittedly given by defendant approximately four months after the accident. In the course of the cross-examination some apparent inconsistencies were developed between the defendant's testimony in court and the narrative contained in his statement. After defendant was excused and the evidence closed plaintiff offered the entire statement in evidence and the court sustained defendant's objection stating that there had been testimony as to the relevant parts of it. While the plaintiff's offer of the statement in evidence was not timely and plaintiff made no motion to reopen the case to make the offer, it might be concluded that the court was in error in not receiving the entire statement in evidence. However, it would appear that plaintiff on cross-examination of defendant did disclose such portions of the statement as were deemed helpful to his position, and the jury having been made aware of such apparent inconsistencies as the plaintiff deemed significant, no substantial right of the plaintiff was prejudiced. (Appeal from judgment and order of Niagara Trial Term dismissing complaint in negligence action.) Present — Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.