BOARD OF EDUCATION OF ENLARGED OGDENSBURG CITY SCHOOL DISTRICT, Appellant, *v.* WAGER CONSTRUCTION CORP., Respondent.

Third Department, June 13, 1974.

O'Connell, McEwen & DuPre (DeGraff, Foy, Conway & Holt-Harris, David F. Kunz of counsel), for appellant.

Bryant, O'Dell & Basso (Robert F. Silkey of counsel), for respondent.

Cooke, J. The instant controversy arises out of a contract between the Board of Education and respondent contractor for the construction of a physical education building. The contractor claimed that as a result of the delay on the part of the board in making the construction site available, it had to revise its construction schedule incurring substantially higher costs thereby.

The contractor first indicated to the architect for the board on August 12, 1971 that the unavailability of the site was causing it "costly delay". On November 6, 1972 it notified the architect for the board of its potential claim for delay, indicating that parts of the claim were to be itemized at a later date. Subsequently, after a meeting of the attorneys and representatives of the parties with the architect on February 8, 1973, the contractor submitted its entire delay claim on February 12, 1973. On February 27, 1973 the board's attorney indicated to respondent by letter that voluntary payment of the claim was highly unlikely. Thereupon a notice of claim was served upon the president of the board on March 10, 1973 and upon the clerk of the board on March 12, 1973. The board rejected the notice of claim on March 20, 1973 stating that it was not timely filed

pursuant to section 3813 of the Education Law. The same day, the contractor's notice of intention and demand to arbitrate was forwarded to the board which responded by commencing the instant proceeding pursuant to CPLR 7503 (subd. [b]) to stay the arbitration on the ground that the contractor had failed to comply with section 3813 of the Education Law.

In essence, petitioner contends that the claim accrued on November 6, 1972 when damages could be ascertained with reasonable precision and that more than three months elapsed before the filing of the claim on March 10, 1973; thus, it argues, pursuant to subdivision 1 of section 3813 of the Education Law, the claim is untimely. Respondent does not agree that the filing of a claim pursuant to section 3813 is a condition precedent to commencement of arbitration. However, assuming *arguendo* that it is, it asserts that the claim filed on March 10, 1973 was timely as the damages were not ascertainable until February 8, 1973 and therefore the claim did not accrue until that date.

In *Shalman* v. *Board of Educ. of Cent. School Dist. No. 1* (31 A D 2d 338, 341), this court held that the term " claim accrued " had the same meaning as " damages accrued " and stated that in the case of a continuing injury, the extent of which is not presently ascertainable, the claim is not deemed to have accrued until the extent of the damages can be ascertained (see *Terrace Hotel Co.* v. *State of New York,* 19 A D 2d 434, 436; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, 374, affd. 277 N. Y. 635).

It is apparent on the facts as presented in the record that the extent of the damages was ascertained on November 6, 1972. The contract work was substantially completed on October 3, 1972, the only remaining item being $213 in lawn work. The November 6, 1972 letter of the contractor, after itemizing one portion of the damages, stated that it " had determined " that the remaining damages would be in excess of $65,000. (The actual figure ultimately submitted in February, 1973 was $62,489.) The claim accrued when the damages were thus ascertained. The notice of claim filed March 10, 1973 did not comply with section 3813 of the Education Law. Any doubts as to whether compliance with section 3813 is a condition precedent to arbitration were laid to rest in *Matter of Central School Dist. No. 1 of Town of Highlands* v. *Double M. Constr. Corp.* (41 A D 2d 771). (See, also, *Matter of Town of Islip* v. *Stoye,* 29 N Y 2d 524.) Of course, the parties are free to agree contractually to dispense with such compliance (see *Matter of Guilderland Cent. School Dist.* [*Guilderland Cent. Teachers Assn.*], 45 A D 2d 85 [decided herewith]). No attempt was made here to

render section 3813 inapplicable. Therefore, Special Term should have granted the stay of arbitration.

The order should be reversed, on the law and the facts, and the application to stay arbitration granted, without costs.

KANE and REYNOLDS, JJ., concur; HERLIHY, P. J., and GREENBLOTT, J., dissent and vote to affirm on the opinion of JOHN J. O'BRIEN, J., at Special Term.

Order reversed, on the law and the facts, and application to stay arbitration granted, without costs.