In the Matter of the Arbitration between GUILDERLAND CENTRAL SCHOOL DISTRICT, Appellant, and GUILDERLAND CENTRAL TEACHERS ASSOCIATION et al., Respondents.

Third Department, June 13, 1974.

*Tabner, Carlson, Justice, Daffner & Farrell* (*C. Theodore Carlson* of counsel), for appellant.

*Bernard F. Ashe* (*James R. Sandner* of counsel), for respondents.

COOKE, J. The underlying dispute involves the individual respondents' entitlement to a military service allowance. In September, 1972, petitioner sent annual salary notices to all of its teachers including the individual respondents. With one exception, all the individual respondents returned their salary notices to petitioner on or before September 30, 1972. Two of the returned notices were unsigned, one of them bearing a notation that it should include pay for veterans' military service.

Salary was paid to the individual respondents on September 8, 15 and 29 and every two weeks thereafter. On December 15, 1972, pursuant to a collective bargaining agreement between petitioner and respondent covering the period from July 1,

1972 to June 30, 1974, they submitted a grievance to petitioner's superintendent demanding that petitioner comply with the provision of the agreement dealing with allowances for veterans. On December 22, 1972, the superintendent notified respondents that their grievance would not be entertained since it was not filed within 20 school days after the teachers knew or should have known of the act or condition on which the grievance was based, as required by the collective bargaining agreement.

A demand for arbitration dated January 8, 1973 was served upon petitioner which responded by commencing the proceeding underlying this appeal seeking to stay the arbitration. Petitioner argued that it was entitled to a stay of arbitration because of respondents' failure to comply with the time provisions of the collective bargaining agreement and with the provisions of section 3813 of the Education Law.

With regard to the applicability of section 3813 of the Education Law, it is clear that the parties to a contract can indicate their intent to render that section inapplicable (see *Matter of Board of Educ., Union Free School Dist. No. 7 [Heckler Elec. Co.]*, 7 N Y 2d 476, 483). The contract here set forth in elaborate detail step-by-step grievance procedures, nowhere requiring compliance with section 3813. Indeed, the time limitations imposed by the contract for proceeding through the various stages of the grievance procedure are plainly inconsistent with those contained in that section, thus indicating the parties' apparent intention to waive the normal applicability of section 3813 to proceedings such as this. The purposes that section 3813 were intended to serve — the protection of the board against protracted delays by employees which may adversely affect its ability to investigate and, where appropriate, to settle claims promptly — are insured by the absolute bar against the employee proceeding further if an appeal is not filed within the contractually specified time limitation. Thus, compliance by the respondents with section 3813 was not a condition precedent to arbitration.

Regarding respondents' alleged failure to comply with contractual time limitations, it is well settled that questions of substantive or procedural arbitrability are for the arbitrators (see *Matter of Long Is. Lbr. Co. [Martin]*, 15 N Y 2d 380, 384–385). And, questions of timeliness and compliance with step-by-step grievance procedures, prior to formal and final binding arbitration, are questions of procedural arbitrability, the court's function being limited to finding that a dispute, whether tenable or not, does, in fact, exist (*id.*, pp. 385–386).

On a motion to stay arbitration the court may inquire into the fulfillment of conditions precedent to arbitration (see, e.g., *Matter of Wilaka Constr. Co.* [*N. Y. City Housing Auth.*], 17 N Y 2d 195, 198–199; *Matter of Board of Educ., Union Free School Dist. No. 7* [*Heckler Elec. Co.*], 7 N Y 2d 476, 481–482). Although courts have on occasion treated contractual provisions fixing the time within which a party can demand arbitration as well as contractual provisions fixing the time within which a contracting party must proceed through the various stages of the grievance procedure as conditions precedent to arbitration and, therefore, matters initially for the court (see e.g., *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36; *Matter of Blends, Inc.* [*Schottland Mills*], 35 A D 2d 377; *Matter of Methodist Church of Babylon* [*Glen-Rich Constr. Corp.*], 29 A D 2d 773; *Matter of Brown & Guenther* [*North Queensview Homes*], 18 A D 2d 327; *Matter of Bd. of Educ., City School Dist. of New Rochelle* v. *Bernard Assoc.*, 11 A D 2d 1038; *Matter of Duke Labs.* [*Lutz Co.*], 9 Misc 2d 779, affd. 8 A D 2d 800; and see, generally, 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.15), the tendency seems to be, at least in the absence of a very narrow arbitration clause or an express provision making compliance with contractual time limitations conditions precedent to arbitration, to treat contractual time limitations, and especially those relating to the step-by-step grievance procedure, as matters of procedural arbitrability for the arbitrators (see e.g., *John Wiley & Sons* v. *Livingston*, 376 U. S. 543; *Matter of Raisler Corp.* [*N. Y. City Housing Auth.*], 32 N Y 2d 274; *City of Auburn* v. *Nash*, 34 A D 2d 345, 347; *Rochester Tel. Corp.* v. *Communications Workers*, 340 F. 2d 237 [2d Cir., 1965]; *Matter of Carey* v. *General Elec. Co.*, 315 F. 2d 499, 501–504 [2d Cir., 1963], cert. den. 377 U. S. 908; see, generally, 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.16).

Here, we have neither a narrowly drafted arbitration clause nor an express provision making compliance with contractual time provisions a condition precedent to arbitration (cf. *Matter of Raisler Corp.* [*N. Y. City Housing Auth.*], *supra*, pp. 279–280, 282). Thus, the respondents' alleged failure to comply with the contractual time limitations is not a bar to arbitration but is a matter for resolution by the arbitrator.

The order should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, KANE and MAIN, JJ., concur.

Order affirmed, without costs.