■ JOHN R. WELSH, Doing Business as R. J. WELSH & SON, Respondent, v GINDELE & JOHNSON, Defendant, and HIGHLAND CENTRAL SCHOOL DISTRICT No. 3, Appellant.—Appeal from a judgment of the Supreme Court, entered October 15, 1974 in Ulster County, upon a verdict rendered at a Trial Term in favor of plaintiff. In this action for moneys allegedly due under a construction contract, plaintiff has recovered a verdict against the appellant school district in the amount of $16,764 after a jury trial. The sole issue on this appeal involves the question of whether or not plaintiff's failure to allege in his complaint that a notice of claim pursuant to section 3813 of the Education Law had been presented within three months after the accrual of

his claim was fatal. We think not. It is conceded that such notice of claim was not timely filed. The complaint alleges, however, that timely notice of claim was waived by appellant by its conduct and appellant is estopped from asserting same. The trial court denied appellant's motion to dismiss the complaint for failure to comply with the notice statute, and submitted the case to the jury, along with the questions of waiver and estoppel. The record reveals that the underlying dispute involved the interpretation of the contract as to whether payments for rock excavation were to be part of the basic contract price as fixed by plaintiff's bid, or whether these payments were to be in addition thereto, as fixed by plaintiff's unit price bid for excavation. Plaintiff testified that when the contract dispute first arose after the first payment to him for rock excavation had been rescinded by appellant, he intended to cease work until the matter was resolved, but appellant's architect assured him that the school board had misinterpreted the contract and he would be paid extra for the rock excavation; that the architect requested him to stay on the job and complete the contract and when the job was finished, he would issue one blanket change order that would cover all rock excavation; and in reliance on these statements plaintiff completed the contract, including the rock excavation. After the job was completed appellant refused to pay extra for the rock excavation. Appellant contends that the project architect did not waive the notice requirement of section 3813, nor could he have done so because he had no such authority. It argues further that since the architect's statements relate only to the payment for rock excavation, and not to the necessity of notice of claim, the doctrines of estoppel or waiver have no application. We do not agree. It is well settled that a school district may be estopped from asserting a notice of claim defense because of the activities, conduct, statements or writings of the district or its representative. (*Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90, 96; *Matter of Daley v Greece Cent. School Dist. No. 1,* 21 AD2d 976, affd 17 NY2d 530.) Appellant admits that the architect was to be its representative under the contract during construction and until final payment; that he was to be the interpreter of the contract documents; that if a claim or dispute arose, the architect had authority to render a decision with respect thereto; and that the architect was acting within the scope of his authority in discussing plaintiff's claim with him. On the evidence presented the jury could have found that, because of the representations of the architect who was acting on behalf of appellant with authority, plaintiff was lulled into continuing the work under the contract in reliance thereon and the time within which to file notice of claim had lapsed. By such action appellant waived the defense of statutory notice of claim. As the trial court correctly charged, waiver by a public corporation of strict compliance with statutory requirements as to service of a notice of claim may occur "if the public corporation or its agents, by conduct or representation, lulls a claimant into taking no action until after the statutory period for filing had passed because of his reliance upon such representations or conduct." The public corporation is thereby estopped from raising such defense. The estoppel bars its enforcement. (*Matter of Daley v Greece Cent. School Dist. No. 1, supra; Matter of Scibilia v City of Niagara Falls,* 44 AD2d 757.) Judgment affirmed, with costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.