■ In the Matter of the Arbitration between CITY SCHOOL DISTRICT OF THE CITY OF ALBANY, Appellant, and RICHARD G. JACQUES, ASSOCIATES, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 7, 1978 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 75, to stay an arbitration between the petitioner and the respondent. Respondent, an architect employed by appellant to complete construction of the new Albany High School, was to prepare plans and supervise construction. The parties entered into a written agreement. On September 9, 1977, respondent submitted a final billing which included several extra items for which it requested payment. The extra items included extra planning and preparations, site and building design changes, and normal charges for on-site work, supervision and construction management fees. On December 30, 1977, appellants declined to pay. On February 16, 1978, respondent presented appellant with a verified claim for payment. The claim remained unpaid. On August 24, 1978, a notice of intent to arbitrate was served on appellant. Appellant sought to stay arbitration on the ground that the presentation of claim provisions of subdivision 1 of section 3813 of the Education Law had not been satisfied. Special Term denied appellant's petition on the ground that the appellant had contractually waived subdivision 1 of section 3813 of the Education Law. The contract extant between appellant and respondent provided as to arbitration as follows: "All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration * * * Notice of the demand for arbitration shall be filed in writing * * *. The demand shall be made within a reasonable time after the claim, dispute or other matter has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations." Subdivision 1 of section 3813 of the Education Law provides that if a written verified claim is not presented to a school district within three months after the accrual of such claim, the claim is barred. Such provision is a condition precedent to arbitration of such a claim against a school district. The condition can be waived *(Matter of Board of Educ. [Heckler Elec. Co.],* 7 NY2d 476). The waiver can be accomplished contractually or by estoppel. It is for the courts to determine if the requirement has been satisfied or waived *(Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85). Section 3813 is intended to protect the board against protracted delays by claimants which may adversely affect its ability to investigate and, where appropriate, to settle claims promptly. Parties to a contract can indicate their intent to render the section inappli-

cable. The contract here, although not requiring compliance with section 3813, does not waive such compliance either. We find that the contract is not inconsistent with section 3813 and conclude that, absent an express waiver, contrary provisions or substitute provisions in the contract, section 3813 is not waived by contract. The notice provisions of section 3813 apply, but whether they were complied with or waived through conduct of respondent must be determined by a factual hearing. Judgment reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Staley, Jr., Mikoll and Herlihy, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). Although questions involving compliance or waiver by conduct (estoppel) would necessitate the development of additional facts before they could be resolved, I conclude that the instant judgment refusing to stay arbitration should be affirmed because the language of the parties' contract is itself sufficient to indicate a waiver of the provisions of subdivision 1 of section 3813 of the Education Law. The statute establishes a condition precedent which must be satisfied before legal action can be instituted. That condition, however, is not a period of limitations for, once it is met, a prospective litigant may commence the action or proceeding within ordinarily applicable time limits. The language of the agreement, on the other hand, merely specifies that a demand for arbitration must be made within a reasonable time, but in no event later than the time fixed by the period of limitations that would otherwise govern litigation of the particular matter. In *Matter of Board of Educ. (Heckler Elec. Co.)* (7 NY2d 476), there was no inconsistency between the contract and the statute; the contractor was required to submit his claim to the board in any event *(supra,* p 483). Here, we are dealing with a broad arbitration clause which does not insist on board action prior to a demand for arbitration and, since true Statutes of Limitation are rarely, if ever, shorter than three months, the relevant terms of the present agreement should be judicially construed as an implicit waiver of the statute.