In the Matter of the Arbitration between the FLORIDA UNION FREE SCHOOL DISTRICT, Appellant-Respondent, and EASTERN ELECTRICAL CONTRACTING CORP., Respondent-Appellant.—In a proceeding to stay arbitration, (1) petitioner appeals from a judgment of the Supreme Court, Orange

County, dated July 26, 1978, which denied the application and (2) the parties cross-appeal from an order of the same court, dated November 22, 1978, which, upon reargument, modified its prior judgment so as to stay the arbitration of Eastern Electrical Corp.'s claim of "delay damages" as an affirmative claim against petitioner, "without prejudice to the consideration of such claim as an offset or defense to the claims asserted by the other parties in this arbitration". Appeal from the judgment dated July 26, 1978 dismissed as academic, without costs or disbursements. The judgment was superseded by the order dated November 22, 1978, which granted reargument. Order dated November 22, 1978 modified, on the law, by deleting therefrom everything following the provision which granted petitioner's application for reargument and substituting therefor a provision that the court adheres to its original determination. As so modified order affirmed, without costs or disbursements. The instant controversy arises as a result of a contract entered into between Florida Union Free School District (school district) and Eastern Electrical Contracting Corp. (Eastern), a general contractor, for construction of an elementary school. The contract contained a broad arbitration clause which provided for arbitration of all claims, disputes and other matters in question arising out of or in relation to, this contract or the breach thereof, with certain exceptions not here relevant. In addition, the contract provided, in a section titled "CLAIMS FOR DAMAGES": "Should either party to the Contract suffer injury of damage to person or property because of any act or omission of the other party or of any of his employees, agents or others for whose acts he is legally liable, claim shall be made in writing to such other party within a reasonable time after the first observance of such injury or damage." By letter dated December 6, 1977, the school district demanded arbitration of its claim that Eastern had breached the contract. Eastern's initial answer to the demand contained no affirmative claims. On June 12, 1978, however, Eastern served a "notice of amendment of notice of intention to arbitrate" asserting, for the first time, a claim against the school district for delay damages. The school district commenced the instant proceeding seeking to stay arbitration of the claim for delay damages on the ground that no timely notice of claim had been filed as required by section 3813 of the Education Law. Although the school district has participated in the arbitration by filing a notice to arbitrate its claim of breach of contract, we believe that it has standing to challenge the attempt to arbitrate the claim for delay damages since Eastern's notice of amendment would significantly "expand the scope of the arbitration" (see *Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 792). Nonetheless, on the facts presented, the school district is not entitled to a stay. Since the "CLAIMS FOR DAMAGES" provision of the contract is plainly inconsistent with the fixed time limitations set out in section 3813, it must be presumed that the school district, in executing the contract, intended to waive its rights under the statute (see *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.]*, 45 AD2d 85). The issues of whether the contractual notice of claim provision constituted a condition precedent to arbitration, and if so, whether the provision has been complied with, must await determination by the arbitrator *(Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], supra)*. Hopkins, J. P., Mangano, Gibbons and Rabin, JJ., concur.