■ In the Matter of the Arbitration between GENESEO CENTRAL HIGH SCHOOL, Respondent, and PERFETTO & WHALEN CONSTRUCTION CORP., Appellant.—Judgment unanimously reversed, without costs, and motion denied. Memorandum: Respondent contractor appeals from a judgment permanently staying arbitration between the parties. Respondent filed a notice of claim for delay damages in the performance of its contract for the construction of a new school for petitioner. The trial court found that respondent's damages were ascertainable on or before June 24, 1975, the time at which the contract was substantially performed, and held that the notice of claim presented to petitioner on December 22, 1975 was not timely under subdivision 1 of section 3813 of the Education Law. A school district may by contract waive the applicability of subdivision 1 of section 3813 of the Education Law (Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], 45 AD2d 85). The threshold issue presented on appeal is whether, by the terms of the construction contract, petitioner made such waiver. The contract contains a broad arbitration clause and also provides for initial reference of disputes to the architect and time limitations for seeking arbitration in the event such disputes are not resolved. In addition, the contract contains the following clause: "7.4 Claims for Damages 7.4.1 Should either party to the Contract suffer injury or damage to person or property because of any act or omission of the other party or of any of his employees, agents or others for whose acts he is legally liable, claim shall be made in writing to such other party within a reasonable time after the first observance of such injury or damage." Petitioner, relying upon Board of Educ. v Wager Constr. Corp. (45 AD2d 63, affd 37 NY2d 283), contends that the quoted contract language already has been held insufficient to constitute a waiver of the applicability of subdivision 1 of section 3813. While the contract in Wager was, as here, upon the American Institute of Architects' standard form, petitioner's reliance upon that case is misplaced because the precise question was never therein passed upon or considered. Since the terms of the construction contract here are plainly inconsistent with the notice and time provisions of subdivision 1 of section 3813 of the Education Law, petitioner has waived the applicability of that statute. Whether notice of the claim was given in a reasonable time or, within any other time limitation made applicable by the contract, must be determined by the arbitrator (Matter of Florida Union Free School Dist. [Eastern Elec. Contr. Corp.], 75 AD2d 580). (Appeal from a judgment of Livingston Supreme Court—arbitration.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.