OPINION OF THE COURT
 

 Fuchsberg, J.
 

 This appeal requires us to construe the American Institute of Architects’ (AIA) “Standard Form of Agreement Between Owner and Contractor”. The precise question posed is whether its execution by the governing body of a school district waived the protection afforded by section 3813 of the Education Law, which, among other things, makes the filing of a written verified notice “within three months after the accrual of [a] claim” a condition precedent to the bringing of any “action or special proceeding”.
 

 The issue is one which has divided the Appellate Divisions. Both the Fourth Department, in the present case, and the Second Department, in
 
 Matter of Florida Union Free School Dish (Eastern Elec. Contr. Corp.)
 
 (75 AD2d 580), have found a waiver; the Third Department, in
 
 Matter of Board of Educ. (Wager Constr. Corp.)
 
 (45 AD2d 63, affd 37 NY2d 283),
 
 [1]
 
 came to a contrary conclusion.
 

 
 *310
 
 The matter arises from a dispute between the petitioner, Geneseo Central School, and the respondent, Perfetto & Whalen Construction Corporation, a contractor engaged by it to perform general construction and site improvement work for a new school building. It is pertinent to this case that the form agreement they signed sets out a dispute settlement procedure according to which any controversy between the parties was first to be referred to the project’s architect for decision, after which, upon demand of either party, it becomes arbitrable pursuant to.what, with exceptions not relevant here, is a broad arbitration cause. Two other clauses also come into play. One, denominated section 7.4.1 of the AIA form, provides that all claims for injury and damage “shall be made in writing * * * within a reasonable time after the first observance”. The other, numbered section 7.6.1 in the same document, specified that the contractual rights and remedies “shall be in addition to and not a limitation of any duties,, obligations, rights and remedies otherwise imposed or available by law”.
 

 The events which were to trigger these provisions started with a letter dated November 24, 1975, in which the contractor advised the district of its intention to seek additional compensation for increased costs incurred on account of changed conditions and delays. As mandated by the contract, the claim was duly referred to the architect, who rejected it. It was only then, on December 22, 1975, that the contractor served a notice of claim as required by section 3813 of the Education Law. The district having neglected “to make an adjustment or payment thereof for thirty days after such presentment” (Education Law, § 3813, subd 1), the contractor demanded arbitration.
 

 In this proceeding, brought by the district to stay the
 
 *311
 
 arbitration, essentially for an alleged lack of timely compliance with section 3813, Trial Term found that the contractor’s claim had accrued on June 24, 1975, the date on which it held that all required work had been completed, and that, therefore, the claim was barred by the statute because it was served more than three months later.
 

 The Appellate Division, acting on the ensuing judgment granting a permanent stay, reversed on the theory that the contractual stipulation for notification of claims “within a reasonable time after first observance” superseded the temporal restriction of section 3813. On that premise, it decided that the reasonableness of the time within which notice had to have been given was, in the circumstances of this case, a question to be decided by the arbitrator. This ruling was in error.
 

 Section 3813 of the Education Law is designed to give school districts prompt notice of claim “ ‘before it is too late for investigation to be efficient’ ”
 
 (Matter of Board of Educ. [Wager Constr. Corp.],
 
 37 NY2d 283, 289,
 
 supra,
 
 quoting
 
 Matter of Board of Educ. [Heckler Elec. Co.],
 
 7 NY2d 476, 483). To that end, in the absence of an agreement to the contrary, compliance with its provisions is a condition precedent to arbitration and, therefore, a matter for judicial resolution
 
 (Matter of Board of Educ. [Wager Constr. Corp.], supra,
 
 p 288).
 

 Consistent with this policy, a waiver is not to be presumed. The parties must either affirmatively agree that the statutory notice clause be inapplicable
 
 (Matter of Board of Educ. [Minstein Constr. Co.],
 
 12. AD2d 40, 43) or, at least, set out detailed procedures which are “plainly inconsistent with those contained in that section”
 
 (Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers As
 
 sn.), 45 AD2d 85, 86 [Cooke, J.]). If they do neither, the provisions of the statute are to be deemed part and parcel of any contract entered into by the district
 
 (Matter of Central School Dist. No. 1, Town of Highlands v Double M Constr. Corp.,
 
 34 NY2d 695, affg 41 AD2d 771; cf.
 
 Strauss v Union Cent. Life Ins. Co.,
 
 170 NY 349, 356).
 

 Against these established principles, in their briefs to our court the parties focused almost entirely upon whether
 
 *312
 
 section 7.4.1, the contractual requirement for notice within a “reasonable time after the first observance of * * * injury or damage”, effected such a waiver. However, we find it unnecessary to resolve that question,-for, though neither side initially relied upon it,
 
 [2]
 
 section 7.6.1 of the agreement, in declaring that the contractual “rights and remedies available thereunder shall not be a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law”, is dispositive. To say the least, it is inconsistent with an intent to relinquish statutory rights.
 

 Nor, in light of this article, which subordinates the contractual rights and remedies to the provisions of section 3813, can the agreement for a “reasonable time” within which to file a claim be said to enlarge the statutory period.
 

 Accordingly, the order of the Appellate Division should be reversed and the matter remitted to that court for a review of the facts (CPLR 5613).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur.
 

 Order reversed, with costs, and matter remitted to the Appellate Division, Fourth Department, for review of the facts.
 

 [1]
 

 . Since we did not discuss the waiver issue in
 
 Wager,
 
 the Appellate Divi
 
 *310
 
 sion’s observations do not, of course, bind us (see
 
 Matter of Wolfe v Sibley, Lindsay & Curr Co.,
 
 36 NY2d 505, 510;
 
 Nehrbas v Incorporated Vil. of Lloyd Harbor,
 
 2 NY2d 190, 195). Moreover, examination of the
 
 Wager
 
 record on appeal indicates that a 1967 form contract was involved. In this case, we are concerned with a revised form which, since 1970, contains additional and amended clauses. The AIA contract may be found in Dib, Forms and Agreements For Architects, Engineers and Contractors (vol 2, appendix C) as well as in PLI, Construction Contracts (p 565
 
 et seq.).
 

 [2]
 

 . We, of course, are not bound by the parties’ formulation of the issues
 
 (Matter of Wiley v Altman,
 
 52 NY2d 410, 414, n 6;
 
 Rentways, Inc. v O’Neill Milk & Cream Co.,
 
 308 NY 342, 349). Accordingly, after review of the record and the briefs, we invited both sides to, and they did, comment on article 7.6.1(see Traynor, Badlands in an Appellate Judges Realm of Reason. 7 Utah L Rev 157, 159).