■ In the Matter of the Arbitration between FLORIDA UNION FREE SCHOOL DISTRICT, Appellant-Respondent, and EASTERN ELECTRICAL CONTRACTING CORP., Respondent-Appellant. — In a proceeding to stay arbitration, (1) petitioner appeals from a judgment of the Supreme Court, Orange County (O'Gorman, J.), dated July 26, 1978, which denied the application, and (2) the parties cross-appeal from an order of the same court, dated November 22, 1978, which, upon reargument, modified its prior judgment so as to stay the arbitration of Eastern Electrical Contracting Corp.'s claim of "delay damages" as an affirmative claim against petitioner, "without prejudice to the consideration of such claim as an offset or defense to the claims asserted by the other parties in this arbitration." On April 7, 1980, this court (1) dismissed the appeal from the judgment as academic, (2) modified the order by deleting therefrom everything following the provision which granted petitioner's application for reargument, and substituting therefor a provision that the court adheres to its original determination, and (3) affirmed the order, as so modified. (*Matter of Florida*

*Union Free School Dist. [Eastern Elec. Contr. Corp.]*, 75 AD2d 580.) On June 18, 1981 the Court of Appeals reversed the order of this court and remitted the case to this court for review of the facts (54 NY2d 636). Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order granting reargument. Order modified, on the law, by deleting the portion thereof which permitted Eastern Electrical Contracting Corp. to assert its "delay damages" claim as an "offset or defense" to the claims asserted by the other parties in the arbitration. As so modified, order affirmed, without costs or disbursements. No findings of fact have been presented for our review. Since Eastern Electrical failed to timely file a notice of claim in compliance with section 3813 of the Education Law, its claim for delay damages is totally barred (see *Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.]*, 53 NY2d 306), even as an offset or recoupment with respect to the claim asserted by petitioner (see *Board of Educ. v Southern*, 97 Misc 2d 631, affd 72 AD2d 976). Eastern Electrical will be free, of course, to assert any appropriate defense against the petitioner's claim in arbitration which is not in the nature of a counterclaim. Hopkins, J. P., Mangano, Gibbons and Rabin, JJ., concur.