■ In the Matter of the Arbitration between SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant, and SOUTH COLONIE TEACHERS' ASSOCIATION, Also Known as SOUTH COLONIE TEACHERS' LOCAL 3014, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered February 17, 1981 in Albany County, which denied petitioner's application for an order staying arbitration of a grievance dispute. The controversy originated in a teacher's claim for $400 additional annual salary because she had a master's degree. The claim is for seven years commencing with the 1972-1973 school year through 1978-1979. A grievance was not filed until June 18, 1980. Respondent demanded arbitration on July 18, 1980, whereupon petitioner commenced this CPLR article 75 proceeding for a stay. Special Term rejected petitioner's arguments that the filing of a notice of claim under subdivision 1 of section 3813 of the Education Law was a condition precedent to arbitration, and that the six-year Statute of Limitations on contract actions was a bar to arbitration. This appeal ensued. Initially, it appears clear that the portion of the claim for the years 1972-1973 and 1973-1974, having accrued more than six years, prior to the demand for arbitration, is time barred under CPLR 213 which governs contract causes of actions. CPLR 7503 (subd [b]) provides that a stay may be granted on the ground that the claim sought to be arbitrated is barred by limitation under CPLR 7502 (subd [b]). Contrary to respondents' argument, the collective bargaining agreement does not demonstrate any intent by the parties to waive a defense of the Statute of Limitations. The inclusion of a short 90-school day limitation of time for the commencement of any grievance proceeding demonstrates an intention to place time limitations on the commencement of such proceedings. The remaining issue is centered upon whether the parties, in their collective bargaining agreements, waived the statutory requirement of filing a verified written notice of claim within three months of its accrual (Education Law, § 3813, subd 1). This provision has been held to be a condition precedent to arbitration of a claim against a school district (*Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.]*, 53 NY2d 306, 311). In the absence of an agreement to the contrary, compliance is mandatory, and is a matter for judicial resolution (*Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283, 288). A waiver may not be presumed; rather it must affirmatively appear that the parties intended to make the statutory requirement inapplicable (*Matter of Board of Educ. [Minstein Constr. Co.]*, 12 AD2d 40, 43), or, at least, that they have set out detailed procedures which are "plainly inconsistent with those contained in that section" (*Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.]*, 45 AD2d 85, 86). In this case, the parties delineated in each collective bargaining agreement since 1973, a very explicit and detailed grievance procedure which required filing of a grievance within 90 school days. This court has recently held that the statutory notice of claim requirement set forth in subdivision 1 of section 3813 of the Education Law "should be deemed waived and inapplicable * * * [when a] collective bargaining agreement between the parties contains detailed procedures for the submission of grievances including a notice provision which is inconsistent with the provisions of the statute" (*Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 79 AD2d 738, 739, citing *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers*

*Assn.*], 45 AD2d 85, *supra*). We find no distinguishing facts present to require a different determination in this case. Order modified, on the law and the facts, by reversing so much thereof as denied petitioner's application for a stay of arbitration with respect to the claim for additional wages earned for the years 1972-1973 and 1973-1974, and application granted with respect to said claim, and, as so modified, affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.