■ LAWRENCE L. SMITH, Doing Business as LAWRENCE L. SMITH ASSOCIATES, Respondent, v LEE A. SAGISTANO, Defendant and Third-Party Plaintiff-Respondent. WILLIAM FLOYD UNION FREE SCHOOL DISTRICT OF THE MASTICS-MORICHES-SHIR-

LEY, Third-Party Defendant-Appellant; LAWRENCE L. SMITH, Third-Party Defendant-Respondent. (And a Fourth-Party Action.)—In an action to recover damages for breach of contract, the third-party defendant William Floyd Union Free School District appeals from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered June 29, 1990, as denied its motion to dismiss the third-party complaint insofar as it is asserted against it and the affirmative defenses and cross claims of the plaintiff and third-party defendant Lawrence L. Smith.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to dismiss the "second affirmative defense and first cross claim", the "third affirmative defense and second cross claim", the "separate and distinct affirmative defense to the third counterclaim and as a third cross claim", the "separate and distinct affirmative defense to the third counterclaim and as a fourth cross claim", and all other cross claims, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant payable by Lawrence L. Smith.

On or about November 11, 1976, the appellant entered into a contract with the defendant third-party plaintiff Lee A. Sagistano, engaging him to act as the architect on a specified project. The appellant had previously entered into an agreement in 1974 with the plaintiff and third-party defendant Lawrence L. Smith whereby Smith was to perform all architectural services for it for a five-year period. Thereafter, upon the appellant's request, Sagistano entered into a contract with Smith, whereby they would jointly provide architectural services for the project. Under the Smith-Sagistano contract, Smith was to receive $21,500 of Sagistano's $65,000 fee. The agreement also provided that Smith "shall be paid in full at the completion of the Construction Document Phase, upon receipt of payment from the client". However, due to the appellant's dissatisfaction with Smith's work on unrelated projects, the appellant advised Sagistano in March 1978 that it was withholding the portion of the fee which was attributable to Smith's work, and that any money paid to Sagistano was for his expenses and should not be paid to Smith.

In October 1978 Sagistano and the appellant reached an agreement as to the payment of the balance due to Sagistano for the project. This agreement was memorialized in a letter from Sagistano to the appellant's District Principal summariz-

ing their telephone conversation wherein they had agreed that $31,000 of the $65,000 fee had been paid, which left a balance of $34,000, from which $21,000 would be deducted as an amount "retained for Larry Smith's claim of fee", resulting in a balance of $13,000. It appears that most, if not all, of that $13,000 may have been paid to Sagistano.

Upon Sagistano's failure to pay Smith under their contract, Smith commenced the instant action to recover $21,500, and Sagistano commenced a third-party action against the appellant sounding in breach of contract to recover the $21,500. The appellant asserted counterclaims against Smith who, in turn, asserted cross claims and affirmative defenses against the appellant.

It is well established that as a condition precedent to an action against a school district, Education Law § 3813 requires that a notice of claim be given to the governing body of the school district within a specified period of time from the accrual of the claim *(see,* Education Law § 3813 [1]; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547-548). However, a school district may be estopped from asserting a notice of claim defense where the school district's affirmative conduct has induced the other side to delay filing the notice of claim *(see, Welsh v Gindele & Johnson,* 50 AD2d 971; *Matter of Daley v Greece Cent. School Dist. No. 1,* 21 AD2d 976, *affd* 17 NY2d 530).

In the instant case, we find that there is sufficient evidence in the record to raise a question of fact as to whether the appellant should be estopped from asserting a notice of claim defense against Sagistano's third-party complaint *(see, Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90, 96; *Matter of Daley v Greece Cent. School Dist. No. 1, supra; William J. Thomann, Inc. v Auburn Enlarged City School Dist.,* 176 AD2d 1235; *Welsh v Gindele & Johnson, supra).* In particular, questions of fact exist as to the appellant's arrangements with Sagistano regarding the payment of Smith and whether they misled Sagistano into believing that the appellant had assumed the responsibility for paying or not paying Smith.

However, the appellant did not waive its notice of claim defense with respect to Smith's cross claims, since it raised the issue before the Supreme Court, and there is no allegation that an agreement existed which affirmatively waived the notice requirement *(see, Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.],* 53 NY2d 306, 311; *Matter of Mulvey v Board of Educ.,* 72 AD2d 584). Further, it cannot be

said that the appellant's conduct induced Smith's failure to serve timely notices of claim *(see, Welsh v Gindele & Johnson, supra; Matter of Daley v Greece Cent. School Dist. No. 1, supra).*

Therefore, Smith's cross claims are barred, since he failed to serve timely notices of claim upon the appellant. As to five of the seven cross claims, there is no evidence in the record that Smith delivered any notice of these claims to the appellant. Smith's contention that a notice of claim was unnecessary, since the appellant had actual knowledge of the claims, is without merit, since the statute permits no exception to the notice requirement *(see, Parochial Bus Sys. v Board of Educ., supra,* at 548). With respect to Smith's remaining cross claims to recover damages for interference with contract, his notice of claim was untimely since it was given more than three months after the accrual of the claim *(see,* Education Law § 3813 [2]; General Municipal Law § 50-e). The provision of the Education Law which grants the courts the discretion to allow late notices of claim is inapplicable in the present case, since the tortious interference claim arose in 1977, prior to the effective date of the provision of the statute *(see,* Education Law § 3813 [2-a]).

Smith's second and third affirmative defenses and his "separate and distinct affirmative defense[s] to the third counterclaim" demanding setoffs are also barred for failure to provide a timely notice of claim *(see, Matter of Florida Union Free School Dist. [Eastern Elec. Contr. Corp.],* 85 AD2d 639, 640). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.