■ RICHARD M. CARR, Respondent, v BROOKHAVEN COMSEWOGUE UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendants, and SUN LIFE INSURANCE FUND AND ANNUITY COMPANY OF NEW YORK et al., Respondents. [619 NYS2d 594] —In an action to recover money due under a life insurance policy, the defendant Brookhaven Comsewogue Union Free School District appeals (1) from an order of the Supreme Court, Suffolk County (Seidell, J.), dated February 1, 1993, which denied its motion to dismiss the complaint insofar as it is asserted against it and any cross claims against it, and (2) as limited by its brief, from so much of an order of the same court, dated July 6, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 1, 1993, is dismissed, as that order was superseded by the order dated July 6, 1993, made upon reargument; and it is further,

Ordered that the order dated July 6, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Richard Martin Carr and Sun Life Insurance Fund and Annuity Company of New York are awarded one bill of costs.

It is undisputed that the plaintiff failed to properly serve notice of his claim in accordance with Education Law § 3813 (1). Generally, failure to serve a notice of claim within the required three-month time period is fatal to the plaintiff's

cause of action *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). Here, however, the Supreme Court properly denied the appellant's motion to dismiss. Although we disagree with the finding of the Supreme Court that the appellant waived its notice of claim defense *(see, Smith v Sagistano,* 186 AD2d 180, 182), the plaintiff has sufficiently raised an issue as to whether the appellant should be estopped from asserting such a defense *(see, Boeckmann & Assocs. v Board of Educ.,* 207 AD2d 773; *Bri-Den Constr. Co. v Board of Educ.,* 200 AD2d 605, 606; *Smith v Sagistano, supra,* at 182).

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.