■ In the Matter of MARTHA PALKA, Appellant, v UNION ENDICOTT CENTRAL SCHOOL DISTRICT, Respondent. [770 NYS2d 178]—

Lahtinen, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 10, 2002 in Broome County,

---

which partially denied petitioner's application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim.

Following the November 1993 death of her husband, a retired school teacher, petitioner was eligible to continue to receive health insurance coverage through respondent, his former employer. At that time, respondent began sending premium invoices to petitioner and she remitted monthly payments of $225.15. In July 2001, however, petitioner was informed by respondent's benefit assistant that she had been mistakenly overbilled the total amount of $11,853.54 because she had paid 100% of the premium instead of her portion which was only 25%. She was advised at the time that this amount would be refunded after a September 2001 meeting of respondent's board of education. On October 15, 2001, however, respondent's attorney sent petitioner a letter in essence withdrawing the offer and proposing instead to reimburse her one year's worth of premium payments in full settlement of the matter. Because the letter was sent to the wrong address, she did not receive it until November 26, 2001. In the meantime, respondent's superintendent sent petitioner a November 21, 2001 letter essentially reiterating the settlement offer.

On December 12, 2001, petitioner made an application pursuant to Education Law § 3813 for permission to file a late notice of claim against respondent seeking recovery of $11,853.54, the full amount she was overbilled. Upon finding that petitioner's claim was essentially one for money had and received which accrued when the money was actually paid, Supreme Court concluded that the one-year statute of limitations contained in Education Law § 3813 (2-b) was applicable and that petitioner was precluded from recovering any premium payments made more than one year prior to the motion. The court, however, granted the motion to the extent of permitting her to file a late notice of claim for premium payments made after December 13, 2000. Petitioner now appeals.

Where a notice of claim against a school district has not been timely filed, Supreme Court, in its discretion, may grant an extension of the time within which to file one (see Education Law § 3813 [2-a]). Among the factors the court should consider are "whether the applicable district had prompt notice of the claim and an opportunity to investigate it or if such district was substantially prejudiced in maintaining a defense on the merits" (*Matter of Jackson v Board of Educ., Colton-Pierrepont Cent. School Dist.*, 194 AD2d 901, 904 [1993], *lv denied* 82 NY2d 657 [1993]). The court, however, may not grant an extension which exceeds the time limit for the commencement of an action

against a school district (*see* Education Law § 3813 [2-a]). Pursuant to Education Law § 3813 (2-b), a cause of action may not be pursued against a school district more than one year after it arose.

We agree with Supreme Court that plaintiff's claim is one for "money had and received." Said claim accrued in July 2001 when respondent notified petitioner of her overpayment and, at that time, petitioner should have presented her written verified claim to the governing body of respondent within three months after the accrual of such claim (Education Law § 3813 [1]). However, respondent's employees' affirmative representations that a full refund of petitioner's overpayment would be forthcoming after the September 2001 meeting of respondent's board of education estops respondent from asserting a notice of claim defense (*see Pope v Hempstead Union Free School Dist. Bd. of Educ.*, 194 AD2d 654, 655 [1993], *lv dismissed* 82 NY2d 846 [1993]; *Smith v Sagistano*, 186 AD2d 180 [1992]). Accordingly, petitioner's motion for permission to file a late notice of claim should have been granted to the extent that she be permitted to file such notice of claim for recovery of overpayment of premiums for the year immediately preceding respondent's notice to petitioner that she had been mistakenly overbilled health insurance premiums.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as permitted petitioner to file a late notice of claim for recovery of overpayment of premiums from December 13, 2000; petitioner's motion granted to the extent of allowing petitioner permission to file a late notice of claim for recovery of excess health insurance premiums paid by her for the year immediately preceding respondent's notice to petitioner of such overpayment; and, as so modified, affirmed.