■ LENZ HARDWARE, INC., Appellant, v BOARD OF EDUCATION OF VAN HORNESVILLE-OWEN D. YOUNG CENTRAL SCHOOL DISTRICT, Respondent. [809 NYS2d 310]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered September 20, 2004. The order, inter alia, granted defendant's motion for partial summary judgment dismissing the first and third causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion for partial summary judgment dismissing the first and third causes of action of the complaint. Plaintiff commenced this action seeking damages for "extra" plumbing and electrical work it allegedly performed at the request of defendant's construction manager and architect. Plaintiff requested payment for the extra work and, by letter dated February 21, 2001, the construction manager refused payment. By letter dated April 30, 2001, the architect refused payment and advised plaintiff that "[n]o further direction . . . will be given on this issue." The construction manager ignored "claims" filed against it pursuant to the contract on May 18, 2001. Plaintiff did not serve a notice of claim on defendant until August 19, 2002.

Pursuant to Education Law § 3813 (1), a notice of claim must be served upon a school district within three months after the accrual of a claim. The timely service of a notice of claim is a condition precedent to the commencement of an action against a school district (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547-548 [1983]; *see also Matter of McClellan v Alexander Cent. School Bd. of Educ.*, 201 AD2d 898, 898-899 [1994]), and "accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]). Here, the notice of claim was served on defendant on August 19, 2002 and thus was untimely inasmuch as the claim accrued on or about April 30, 2001, when the architect refused to pay and advised plaintiff that it would not discuss plaintiff's claims any further. The fact that plaintiff continued to request payment has no bearing on the date of accrual.

We reject plaintiff's contention that defendant should be estopped from asserting a notice of claim defense. A school district may be estopped from asserting such a defense when, based on its activities, conduct, statements or writings, or those of its representatives, it " 'lulls a [plaintiff] into taking no action until after the statutory period for [service has] passed' " (*Welsh v Gindele & Johnson*, 50 AD2d 971, 972 [1975]; *see also Matter of Daley v Greece Cent. School Dist. No. 1*, 21 AD2d 976 [1964], *affd* 17 NY2d 530 [1966]). Here, plaintiff has not alleged that it was promised or led to believe that its claims would be viewed favorably and thus has failed to allege that it was lulled into taking no action until after the statutory period for service had passed.

We further conclude that the court properly denied the cross

motion of plaintiff seeking to extend the time in which to serve its notice of claim. Pursuant to Education Law § 3813 (2-a), a court may in its discretion extend the time in which to serve a notice of claim, but the extension of time "shall not exceed the time limited for the commencement of an action by the [plaintiff] against any" school district. Plaintiff did not seek an extension until August 17, 2004, well after expiration of the one-year statute of limitations set forth in Education Law § 3813 (2-b), and thus the court was without authority to grant the cross motion (*see Pierson v City of New York*, 56 NY2d 950, 955 [1982]; *see also First Bible Baptist Church v Gates-Chili Cent. School Dist.*, 172 AD2d 1057 [1991]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.