# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1409**
**CA 11-01352**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

GREECE CENTRAL SCHOOL DISTRICT,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

GARDEN GROVE LANDSCAPE, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (GREGORY J. MCDONALD OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Kenneth
R. Fisher, J.), entered September 10, 2010 in a breach of contract
action. The order denied the motion of defendant Garden Grove
Landscape to deem its notice of claim timely pursuant to Education Law
§ 3813 (2-a).

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this breach of contract action arising from a
school construction project (hereafter, project), Garden Grove
Landscape (defendant) appeals from an order that denied its motion
seeking, inter alia, to deem its notice of claim timely pursuant to
Education Law § 3813 (2-a). Contrary to defendant's contention,
Supreme Court properly concluded that the notice of claim was
untimely.

"Pursuant to Education Law § 3813 (1), a notice of claim must be
served upon a school district within three months after the accrual of
a claim. The timely service of a notice of claim is a condition
precedent to the commencement of an action against a school district"
(*Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young
Cent. School Dist.*, 24 AD3d 1278, 1279). "In the case of an action .
. . for monies due arising out of contract, accrual of such claim
shall be deemed to have occurred as of the date payment for the amount
claimed was denied" (§ 3813 [1]), and "[a] denial of payment is deemed
to occur upon an explicit refusal to pay[] or when a party should have
viewed [its] claim as having been constructively rejected" (*Oriska
Ins. Co. v Board of Educ., Richfield Springs Cent. School Dist.*, 68
AD3d 1190, 1191 [internal quotation marks omitted]; *see Granite*

*Capital Holdings, Inc. v Sherburne-Earlville Cent. School Dist.*, 84
AD3d 1607, 1608).  Here, defendant received a letter from the
project's architect, dated July 21, 2008, stating that plaintiff was
cancelling the contract because defendant "failed to complete the work
of the contract in compliance with the contract documents or within
the schedule required."  In addition, the attorney for plaintiff sent
a letter to defendant's insurer, dated August 6, 2008, indicating that
defendant "failed to perform the work and as a result has received a
notice of default."  Consequently, we conclude that defendant should
have viewed its claim for payment under the contract as having been
constructively rejected as of the receipt of those letters, and thus
the court properly concluded that the claim accrued at that time.
Defendant's notice of claim was filed July 20, 2010, and it therefore
was untimely.

    We have considered defendant's remaining contentions and conclude
that they are without merit.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court