Matter of Nassau BOCES Educ. Adm'rs Assn. v Board of Coop. Educ. Servs. of Nassau County (2019 NY Slip Op 07260)





Matter of Nassau BOCES Educ. Adm'rs Assn. v Board of Coop. Educ. Servs. of Nassau County


2019 NY Slip Op 07260


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03616
 (Index No. 5451/16)

[*1]In the Matter of Nassau BOCES Educational Administrators Association, appellant, 
v
Board of Cooperative Educational Services of Nassau County, et al., respondents.


Arthur P. Scheuermann, General Counsel, School Administrators Association of New York State, Latham, NY (Wendy De Forge of counsel), for appellant.
Ingerman Smith, LLP, Hauppauge, NY (John H. Gross and Diana M. Cannino of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for certain related declaratory relief and to recover damages for breach of contract, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (James P. McCormack, J.), dated January 19, 2017. The order and judgment granted the motion of the respondents/defendants to dismiss the petition/complaint and, in effect, dismissed the petition/complaint.
ORDERED that the order and judgment is affirmed, with costs.
The Nassau BOCES Educational Administrators Association (hereinafter the Association) commenced this hybrid proceeding and action. The Association seeks relief pursuant to CPLR article 78 annulling a determination made by the respondents/defendants, the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES) and Robert Dillon, the superintendent of BOCES (hereinafter together the respondents), that certain BOCES employees are not entitled to annual leave under the governing Collective Bargaining Agreement (hereinafter the CBA). The Association also asserts causes of action for certain related declaratory relief and to recover damages for breach of contract. The respondents interposed an answer to the petition/complaint and also moved to dismiss the petition/complaint, inter alia, for failure to serve a notice of claim. The Supreme Court granted the respondents' motion and, in effect, dismissed the petition/complaint. The Association appeals.
With certain limited exceptions, service of a notice of claim is a condition precedent to the commencement of any action and/or special proceeding against any BOCES or BOCES officer (see Education Law § 3813[1]). One such exception is where "the parties to a contract . . . indicate their intent to render that section inapplicable" (Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], 45 AD2d 85, 86). "[I]t must affirmatively appear that the parties intended to make the statutory requirement inapplicable, or, at least, that they have set out detailed procedures which are plainly inconsistent with those contained in that section" (Matter of [*2]South Colonie Cent. School Dist. [South Colonie Teachers' Local 3014], 86 AD2d 686, 686 [citation and internal quotation marks omitted]; see N. Picco & Sons Contr. Co., Inc. v Board of Educ. of Bronxville School, 26 AD3d 317, 318; Civil Serv. Empls. Assn. v Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak, 230 AD2d 703, 703). "If they do neither, the provisions of the statute are to be deemed part and parcel of any contract entered into by [BOCES]" (Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.], 53 NY2d 306, 311; see Davis-Wallbridge, Inc. v Syracuse, 71 NY2d 842, 843-844).
Here, the CBA sets forth a detailed, three-step grievance procedure but limits the definition of the term "grievance" to disputes concerning the interpretation and construction of the CBA (see generally Matter of G.E. Howard & Co. v Daley, 27 NY2d 285, 292). Thus, it is not clear, as it must be, that the parties intended to make Education Law § 3813(1) inapplicable, particularly in a case such as this one, which seeks not only equitable relief concerning the interpretation of the CBA but also to recover damages for breach of contract (cf. Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], 45 AD2d at 86). Under such circumstances, we agree with the Supreme Court's determination to grant the respondents' motion to dismiss the petition/complaint, inter alia, for failure to serve a notice of claim (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547-548).
In light of our determination, we need not reach the Association's remaining contentions.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court