Peter J. LIVOLSI and Albert W. Betler, on behalf of the Laborers' District Council of Western Pennsylvania Welfare Fund, Plaintiffs,

v.

CITY OF NEW CASTLE, PENNSYLVANIA, and New Castle Sanitation Authority, Defendants.

Civ. A. No. 80–648.

United States District Court, W. D. Pennsylvania.

Nov. 24, 1980.

**1148**

Jeffrey J. Leech, Tucker, Arensberg, Very & Ferguson, Pittsburgh, Pa., for plaintiffs.

D. R. Pellegrini, Metz, Cook, Hanna & Kelly, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, Chief Judge.

In this case the Plaintiffs, Trustees of an employee welfare benefit fund, are suing the City of New Castle, and the New Castle Sanitation Authority. In its complaint the Plaintiffs allege that the City and Authority, as participating employers in the Fund, violated the provisions of both the Trust Fund Agreement and of their individual collective bargaining agreements. The Fund is a multi–employer welfare fund to which various employers, both private and public, have agreed to contribute. According to the Plaintiffs under these agreements the City and Authority were obligated to file monthly reports listing all employees who were eligible for fund benefits.

Plaintiffs contend that the Defendants did not meet this contractual obligation and, in fact, listed as eligible individuals who were not qualifying employees under the Fund. As a result of this action by the Defendants monies were paid out of the Fund to ineligible beneficiaries. In order to redress these losses the Plaintiffs now seek damages and injunctive relief.

The Defendants in this case have responded by filing a Motion to Dismiss the Plaintiffs' complaint. The Defendants challenge the Plaintiffs' right to bring this action on a variety of grounds, including: Lack of subject matter jurisdiction under the Labor Management Relations Act or the Employee Retirement Income Security Act of 1974; lack of jurisdiction over claims arising prior to the effective date of the Employee Retirement Income Security Act; the statute of limitations; laches; estoppel and waiver; failure to state a claim upon which relief can be granted; and failure to join indispensable parties. While some of Defendants' contentions have merit, they do

not justify dismissal of the Plaintiffs' complaint at this time and we will deny this motion.

## I. SUBJECT MATTER JURISDICTION.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, confers jurisdiction to the Federal District Court in all "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...". In its motion to dismiss the Defendants argue that this court does not have subject matter jurisdiction over the instant case under the Labor Management Relations Act because (1) the Welfare Fund is not a "labor organization" and (2) the City and Authority are specifically excluded from the provisions of the Act.

■ Defendants first argument requires little discussion. The contention that the plaintiff must be a labor organization in order to confer federal subject matter jurisdiction fundamentally misconstrues the nature of the jurisdictional grant established in § 301. That provision does not mechanistically limit federal jurisdiction to suits between employers and labor unions. Rather it confers jurisdiction to the court in all cases involving violations of contracts between employers and labor organizations. Clearly this broader language includes within its scope suits by third parties to enforce rights arising under collective bargaining agreements. It would, therefore, include suits by the trustees of welfare or pension funds alleging violations of the terms of the fund agreement. *See, e. g. Nedd v. United Mine Workers of America*, 556 F.2d 190, 197 (3d Cir. 1977), *cert. denied* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978); *Crawford v. Cianciulli*, 357 F.Supp. 357 (E.D.Pa.1973).

■ The Defendants' second argument, however, is valid. The Labor Management Relations Act, by its express terms, excludes from the definition of employer "any state or political subdivision thereof." 29 U.S.C. § 152.

In this case we feel that the exclusions set forth in 29 U.S.C. § 152 would clearly preclude the exercise of federal jurisdiction over either the City of New Castle or the New Castle Sanitation Authority. Both are political subdivisions of the state; both constitute department or administrative arms of the government; and both are administered by individuals who are responsible either to public officials or to the general electorate. Accordingly, we conclude that this court has no jurisdiction over the Defendants in this case under the Labor Management Relations Act. *See, National Labor Relations Board v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600, 604–605, 91 S.Ct. 1746, 1749–1750, 29 L.Ed.2d 206 (1971); *Crilly v. Southeastern Pennsylvania Transportation Authority*, 529 F.2d 1355 (3d Cir. 1977). The LMRA cause of action is stricken.

Plaintiff also asserts jurisdiction under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. which gives the federal district courts jurisdiction over all civil actions involving benefit plans covered by the Act. *See*, 29 U.S.C. § 1132. The coverage of the Act in turn is defined in the following terms: "This subchapter shall apply to any employee benefit plan if it is established or maintained (1) by an employer engaged in commerce or in any industry or activity affecting commerce, or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce, or (3) both." 29 U.S.C. § 1003(a)(1)–(3).

On the ERISA cause of action the Defendants first claim that this court has no jurisdiction because neither the Fund nor the City and Authority constitute an industry or activity affecting commerce, and therefore this employee benefit plan does not fall within the statutory ambit of ERISA.

■ We disagree. By its very terms the Act covers all plans which are established or maintained by an employer who is in or affecting commerce or by an employee organization which is in or affecting com-

merce. Given this very expansive description of the scope of ERISA, it is evident that the welfare fund at issue here does fall under the coverage of the Act. As this court views it both the City and the employee organizations making up the Fund are in or affecting commerce. For example, the City of New Castle itself is located only 10 miles from the Ohio–Pennsylvania border. Moreover, several interstate highways pass directly through the City. Therefore, the effect of the actions of the City and Sanitation Authority as employers cannot be narrowly proscribed to the city limits of New Castle itself. Rather, we believe that these actions, although geographically limited within Pennsylvania, would necessarily have an impact upon interstate commerce. Similarly we believe that the employee organizations involved in this Fund are also engaged in activities affecting commerce. These organizations represent some 11,000 employees. Of this number the vast majority are employed in the private sector. Moreover, many of the private industries employing these 11,000 individuals are directly involved in interstate commerce. Therefore, we conclude that the employee organizations involved in this Fund are also industries or activities affecting interstate commerce as that phrase is defined in ERISA. *See,* 29 U.S.C. § 1002(12).

The Defendants next contend that this court cannot exercise jurisdiction over them under ERISA, because such an exercise of federal jurisdiction would violate the principle of local sovereignty and autonomy under *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). We feel that this case is clearly distinguishable from *Usery.* Furthermore, we believe that the holding in *Usery* in no way divests this court of jurisdiction.

*Usery* involved a constitutional challenge to the validity of certain amended provisions of the Fair Labor Standards Act. These amendments extended the Act's mandatory wage and hour provisions to virtually all employees of states and their political subdivisions. The Court held these amendments to be unconstitutional. In reaching this conclusion the Court emphasized the fact that these changes in the Fair Labor Standards Act compelled the states to conform with federally mandated standards. It was this element of compulsion, this "forced relinquishment of important governmental activities" which, in the court's view, rendered these amendments subject to constitutional attack.

■ In the present case, however, the element of compulsion that was so important to the Court in *Usery* is markedly absent. The statutory scheme established under ERISA does not contemplate federal regulation of state and local governments. Quite the contrary ERISA explicitly exempts welfare plans operated by state and local governments from its regulation. *See* 29 U.S.C. § 1003(b)(1). However, when a state or local government body chooses a private welfare benefit plan for its employees, it will subject itself to federal jurisdiction under ERISA. Since the local governmental body voluntarily accepted a private welfare benefit plan for its employees it cannot later complain that ERISA regulation of that plan invades its sovereignty. Therefore, we conclude that subject matter jurisdiction over the Plaintiffs' claims does rest in this court by virtue of ERISA.

## II. JURISDICTION OVER PRE–ERISA CLAIMS.

The Defendants also contend that this court lacks jurisdiction over those claims of the Plaintiffs involving transactions which occurred prior to the effective date of ERISA. In support of this contention the Defendants cite a number of cases which support the general proposition that ERISA creates no federal jurisdiction over pension plan violations which occurred prior to the effective date of the Act. *See, e. g. Martin v. Bankers Trust Co.,* 565 F.2d 1276 (4th Cir. 1977); *Knauss v. Gorman,* 433 F.Supp. 1040 (W.D.Pa.1977), *vacated* 583 F.2d 82 (3d Cir. 1978). In all of these cases, however, the entire transaction complained of terminated prior to the effective date of ERISA. Therefore, none of these cases directly addresses the situation presented here. This

case involves a claim of continuing violation of the terms of a pension fund agreement in which transactions occurred both prior to and following the passage of ERISA.

Although it is clear that jurisdiction under ERISA does not extend to events occurring prior to January 1, 1975; see, *Cowan v. Keystone Employees Profit Sharing Fund*, 586 F.2d 888 (1st Cir. 1978), we nonetheless feel that this court could still adjudicate claims arising prior to that date under the doctrine of pendant jurisdiction. *See, Trustees of Retirement Benefit Plan v. Equibank Bank, N. A.*, 487 F.Supp. 58 (W.D.Pa.1980). At this stage in the proceedings, however, we are unable to determine whether the exercise of pendant jurisdiction would be appropriate. We will, therefore, deny the Defendants' Motion to Dismiss on this ground, subject to later consideration of the appropriateness of exercising pendant jurisdiction in this case.

## III. STATUTE OF LIMITATIONS.

The Defendants further contend that a number of the Plaintiffs' claims in this case are barred by the statute of limitations. ERISA itself does not contain any explicit time limitations for the bringing of suits. Therefore, in determining the appropriate time limitation we must look to the most clearly and analogous state statute of limitations. *See, Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In this case the Defendants argue that Plaintiffs' complaint is grounded essentially in tort, and therefore the two year Pennsylvania statute of limitations be applied. *See*, 42 Pa.C. S.A. § 5524.

However, a review of the Plaintiffs' complaint reveals that its central allegations involve the breach of contractual duties. Therefore, in our view under Pennsylvania law the appropriate time limitation would be the six year statute of limitations for written contracts. *See*, 42 Pa.C.S.A. § 5527(2).

Under Pennsylvania law, however, the statute of limitations will not begin to run until the plaintiff knows or should have known of his injury. *See, e. g. Gee v. C. B. S., Inc.*, 471 F.Supp. 600 (E.D.Pa.1979), *aff'd* 612 F.2d 572 (3d Cir. 1980); *Tober v. Charnita*, 58 F.R.D. 74 (M.D.Pa.1973). The question of when an individual knew or should have known of an injury is clearly a factual one particularly resistant to resolution through a motion to dismiss. Therefore, at this time we cannot grant the Defendants' Motion to Dismiss on the basis of a bar of the statute of limitations.

## IV. LACHES, ESTOPPEL AND WAIVER.

The Defendants also raise the defenses of laches, estoppel and waiver in this motion to dismiss. These are essentially equitable defenses and as such their resolution typically depends on a full development of the facts of the individual case. A review of the pleadings and briefs submitted in this matter indicate that there are significant disputes over the facts in this case. Accordingly, we must conclude that these equitable defenses are not subject to resolution by way of a motion to dismiss. Therefore, we will deny the Defendants' motion to dismiss to the extent that it relies upon these defenses.

## V. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Defendants also assert that they are entitled to dismissal of this action because the Plaintiffs failed to state a claim upon which relief can be granted. As we understand it Defendants' argument on this point is that they had no contractual duty to accurately report the number of employees eligible for benefits under the Welfare Fund. However, we note in reviewing the contracts attached to Plaintiffs' complaint that a duty to report accurately is implied, if not expressly stated. Therefore, we will refuse to dismiss Plaintiffs' complaint on the grounds that they have failed to state a cause of action upon which relief can be granted.

## VI. FAILURE TO JOIN INDISPENSABLE PARTIES.

The Defendants also allege that the Plaintiffs have failed to join several indispensable parties, namely, the individual labor unions and the allegedly ineligible benefit recipients. We fail to see how any of these parties are necessary for the just adjudication of this case. *See*, Rule 19, Fed.R. Civ.P. In fact, prior cases have specifically held that in an action by pension fund trustees the labor union representing the employees is not an indispensable party. *See, Lewis v. Quality Coal Co.*, 243 F.2d 769 (7th Cir.) *cert. denied*, 355 U.S. 882, 78 S.Ct. 149, 2 L.Ed.2d 113 (1957); *Thomas v. Reading Anthracite Co.*, 264 F.Supp. 339 (M.D.Pa. 1966). Similarly, we fail to see why it is necessary that the allegedly ineligible benefit recipients be joined as parties in this case. Whatever the result of this case, the Defendants will be free time to pursue these individuals in whatever forum they chose. Therefore, we will not require the joinder of these additional parties in this case.

## VII. REQUEST FOR MORE DEFINITE STATEMENT UNDER RULE 12(b)(6).

Finally, Defendants request that Plaintiffs be required to file a more definite complaint in this case. We feel that the complaint already on file with this court is perfectly adequate. If the Defendants seek a more definite statement of the nature of Plaintiffs' claims, they should do so through discovery procedures and not by way of a motion to this court. We will, therefore, deny Defendants request for a more definite statement.

An appropriate order shall issue.

### ORDER

NOW, November 24, 1980, the Motion of Defendants to Dismiss is DENIED. The causes of action found invalid in the foregoing opinion are STRICKEN, and the trial of the action shall be governed by the rulings of law made therein.