860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nancy S. GORDON, Plaintiff-Appellant,
v.
BAY COUNTY METROPOLITAN TRANSIT AUTHORITY, Defendant-Appellee.
 No. 88-1081.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1988.
 
 Before KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nancy S. Gordon appeals the dismissal of her complaint in which she alleged claims under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1001, et seq. She also asserted a pendent state claim. The district court dismissed the ERISA claim, finding that defendant's pension plan is exempt from ERISA's requirements as a government plan, and dismissed the pendent claim without prejudice. On appeal, plaintiff contends that defendant's pension plan is subject to ERISA's requirements because the plan was purchased from and is largely administered by a private company.
 
 
 3
 Upon consideration, we conclude that the defendant's plan is exempt as a government plan pursuant to 29 U.S.C. Sec. 1003(b)(1). Defendant "established or maintained" its plan for the benefit of its government employees. See 29 U.S.C. Sec. 1002(32). Further, defendant need not unilaterally "establish or maintain" its plan in order to qualify for exemption. See Rose v. Long Island R.R. Pension Plan, 828 F.2d 910, 920-21 (2d Cir.1987), cert. denied, 108 S.Ct. 1112 (1988); Feinstein v. Lewis, 477 F.Supp. 1256, 1260-62 (S.D.N.Y.1979), aff'd, 622 F.2d 573 (2d Cir.1980). Because this claim was properly dismissed, the district court did not abuse its discretion in dismissing plaintiff's pendent state claim. See UMW v. Gibbs, 383 U.S. 715 (1966).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.