Fred C. LOVELACE, Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA, Defendant.

No. C–1–91–477.

United States District Court,
S.D. Ohio, W.D.

Sept. 27, 1991.

William Peelle, Wilmington, Ohio, for plaintiff.

Janet Cooper, Dayton, Ohio, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on Plaintiff's motion to remand this action to the Wilmington, Ohio Municipal Court. The Defendant (Prudential) removed the action from that court pursuant to 28 U.S.C. § 1441(a)-(b). For the reasons set forth below, Plaintiff's motion to remand is granted with reasonable costs, including attorney fees.

## FACTUAL BACKGROUND

Plaintiff (Lovelace) is an employee of the Wilmington City Public School System (Wilmington), participating in its health insurance plan. Wilmington established the plan pursuant to collective bargaining by purchasing a group health insurance policy through its membership in the Southwestern Ohio Educational Purchasing Cooperative, a consortium of public and private Ohio educational institutions. Although only public educational institutions participate in the group health insurance policy available through the Cooperative, one private educational institution is a member of the overall Cooperative. Prudential issued and administers the policy.

Lovelace commenced this action after Prudential denied his claims for surgical procedures which Lovelace understood the policy covered. Prudential asserts in its Notice of Removal that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, commonly known as federal question jurisdiction. Specifically, Prudential contends this matter arises under the

Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001, *et seq.*

## THE ERISA "GOVERNMENTAL PLAN" EXEMPTION

Congress enacted ERISA in part to protect "the interests of participants in employee benefit plans," 29 U.S.C. § 1001(b), and to preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). ERISA regulates employee benefit plans, such as the plan at issue, which "through the purchase of insurance or otherwise, provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1986); 29 U.S.C. § 1002(1).

A narrow exception to ERISA regulation is the "governmental plan" exempting any plan established or maintained "by the government of any State or political subdivision thereof" for its employees. 29 U.S.C. § 1002(32). In order to come within the exemption a government employer must demonstrate that it "established or maintained" its benefits plan. The parties' dispute as to this Court's subject matter jurisdiction centers on whether the Wilmington plan is a "governmental plan" within the meaning of ERISA and therefore is exempt from compliance with that statute.[1]

■ A plan established by a government employer through collective bargaining meets the ERISA "governmental plan" requirements. *Gordon v. Bay County Metro. Transit Auth.,* 860 F.2d 1079, 1988 WL 104950 at *1 [text available], 1988 U.S.App. LEXIS 5863, at *2 (6th Cir. Oct. 11, 1988) (a plan created pursuant to collective bargaining rather than by statute or other unilateral government action is established and qualifies for the ERISA "governmental plan" exemption), *citing with approval, Rose v. Long Island R.R. Pension Plan,* 828 F.2d 910, 920–21 (2d Cir.1987); *Fein-*

*stein v. Lewis,* 477 F.Supp. 1256, 1260–62 (S.D.N.Y.1979), aff'd, 622 F.2d 573 (2d Cir. 1980). Lovelace's Memorandum in Support of Motion to Remand and Other Relief, uncontested by Prudential, evidences that Wilmington established its plan through collective bargaining.

■ Prudential argues it would be "illogical" to apply the ERISA "governmental plan" exemption because in the future a private educational employer may participate in the policy and thereby contaminate the exemption. Prudential's argument fails as it is contrary to existing law and the facts before the Court.

■ Removal is decided on the pleadings viewed as of the time the removal petition is filed. *See, American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The pleadings confirm that only public educational institutions participate in the policy. To decide this motion on an event which may never occur, and may not be dispositive as to ERISA applicability even if it does occur, would have the Court predicating an order on facts not ripe for judicial consideration.

Additionally, Prudential's reliance on *Brooks v. Chicago Housing Authority,* No. 89–C–9304, 1990 WL 103572, 1990 U.S.Dist. LEXIS 8233 (N.D.Ill. July 2, 1990) in support of its contamination argument is not persuasive. In *Brooks,* the Chicago Housing Authority (CHA), participating in a plan with "both public and private" employers, *Brooks,* 1990 WL 103572 at *2, LEXIS 8223 at *5, did not meet the ERISA "governmental plan" exemption. As the court in *Brooks* observes, however, the threshold and dispositive inquiry is whether the government employer "established or maintained" the plan—failing this, the mixing of public and private entities then is considered. *Id.* As noted, the Wilmington plan was established through collective

---

**1.** The parties do not dispute that the Wilmington City Public School System is a political subdivision of the State of Ohio.

bargaining and any potential for public and private commingling is speculative.

Prudential also argues that because it is a private entity administering the Wilmington plan an assertion of jurisdiction under ERISA would regulate only Prudential and would render a "governmental plan" exemption inapplicable. This argument also fails.

ERISA allows employee benefit plans to be established or maintained "through the purchase of insurance." 29 U.S.C. § 1002(1). Literal application of this language and examinations of the legislative history suggest Congress contemplated public employers utilizing private full service underwriters, such as Prudential, to establish or maintain plans. "Congress, in exempting governmental plans, was concerned more with the governmental nature of public employees and public employers than with the details of how a plan was established or maintained." *Feinstein*, 477 F.Supp. at 1261–62. *See, Silvera v. Mutual Life Ins. Co. of New York*, 884 F.2d 423, 426–27 (9th Cir.1989) (a private insurer administering a governmental plan assists the government employer and does not change the nature of the plan).

Prudential relies on *Livolsi v. City of New Castle, Pa.*, 501 F.Supp. 1146 (W.D.Pa.1980), for the proposition that "when a state or local government body chooses a private welfare benefit plan for its employees, it will subject itself to federal jurisdiction under ERISA." In *Livolsi*, the court determined a city sanitation department and an employee organization to be in an "industry or activity affecting interstate commerce." 501 F.Supp. at 1150. The critical inquiry, to which the above proposition is directed, was whether the department and employee organization voluntarily gave up local sovereignty under

*Nat'l League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976); *overruled by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), thereby subjecting themselves to federal jurisdiction under ERISA.

Such an analysis is unnecessary to the matter before this Court. ERISA excepts a "governmental plan" from regulation if the governmental employer or employee organization is engaged in an "industry or activity" affecting commerce. 29 U.S.C. § 1003(a)-(b).[2] Prudential's administration of the policy does not negate the "governmental plan" character of the Wilmington plan.

## CONCLUSION

The Wilmington City Public School System employee health insurance plan is a "governmental plan," exempted from ERISA regulation and thus outside the subject matter jurisdiction of the Court. Accordingly, the Motion for Remand to the Wilmington, Ohio Municipal Court hereby is GRANTED.

Considering the facts of this case, the pleadings, and applicable law, the Court concludes that removal was improper. Pursuant to 28 U.S.C. § 1447(c), Plaintiff–Lovelace is awarded reasonable costs, including attorney fees, incurred as a result of removal. Plaintiff is directed to submit to the court within 30 days of this order a list of actual costs including attorney fees incurred as a result of the removal.

IT IS SO ORDERED.

**2.** 29 U.S.C. § 1003(a)-(b) provides in part:

(a) *Except as provided in subsection (b) of this section* ... this subchapter shall apply to any employee benefit plan if it is established or maintained—

(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or

(2) by any employee organization or organizations representing employees engaged in

commerce or in any industry or activity affecting commerce; or

(3) by both.

(b) *The provisions of this subchapter shall not apply to* any employee benefit plan if—

(1) such plan is *a governmental plan* (as defined in section 1002(32) of this title).... (italics added)