**Marilyn KRYSTYNIAK, Plaintiff,**

v.

**LAKE ZURICH COMMUNITY UNIT DISTRICT NO. 95, et al., Defendants.**

No. 91 C 6992.

United States District Court, N.D. Illinois, E.D.

Nov. 8, 1991.

Terence Edward Flynn, Steven Robert Verr, Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., Chicago, Ill., for Marilyn Krystyniak.

Nicholas Evans Sakellariou, Robert E. Riley, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Chicago, Ill., for Lake Zurich Community Unit District No. 95.

Stephen Berkey Frew, Alan P. Miller, Rory D. Cassidy, Marvin D. Berman, Kiesler & Berman, Chicago, Ill., for Gallagher Basset Benefit Administrators, a div. of Gallagher Basset Services, Inc.

Robert K. Bush, Ancel, Glink, Diamond & Cope, Chicago, Ill., for Northern Illinois Health Ins. Program.

## REPORT AND RECOMMENDATION

JOAN HUMPHREY LEFKOW, United States Magistrate Judge:

This matter was referred to determine whether the court has subject matter jurisdiction and, if so, to hold an expedited hearing on plaintiff's, Marilyn Krystyniak's, emergency motion for preliminary injunction.

### FACTS

The complaint purports to state a claim under the Federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The complaint alleges that plaintiff is a full-time, salaried employee of defendant Lake Zurich Community Unit District No. 95 ("District 95"). Plaintiff is a breast cancer patient. She seeks an injunction to require defendants District 95, Gallagher–Bassett Services, Inc. and Northern Illinois Health Insurance Program ("NIHIP") to authorize and fund treatment characterized as "high-dosage chemotherapy/autologous bone marrow transplant" under an employee benefit plan adopted by District 95. Plaintiff proffers the opinion of a variety of physicians who

believe that plaintiff's best chance of survival is immediate treatment with the therapy sought in this lawsuit. Defendants, however, have moved to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction because the Plan at issue is not governed by ERISA.

It is uncontroverted that District 95 is an Illinois municipal corporation, specifically a community unit school district, located in Lake Zurich, Illinois. District 95 has established and sponsors an employee welfare benefit plan ("the Plan") which provides medical, surgical and hospitalization for employees. It is uncontroverted that NIHIP is an intergovernmental cooperative agency organized under Article VII, Section 10 of the 1970 Constitution of the State of Illinois and the Illinois Intergovernmental Cooperation Act, Ill.Rev.Stat. ch. 127, ¶¶ 741 *et seq.* As applicable here, member school districts of NIHIP, including District 95, have joined together for the purpose of establishing a self-insurance program to provide benefits for their employees and employees' dependents, including medical, surgical and hospitalization benefits. Each member school district has a member on the board of directors of NIHIP. The NIHIP board is empowered to carry out the purposes and duties of the cooperative as set out in an intergovernmental cooperative agreement. Each member school district makes financial contributions from its general corporate funds to pay for the benefits. NIHIP has established a self-insured loss fund out of which the eligible claims of its member employees and employees' dependents are paid. NIHIP also purchases with these member contributions excess insurance for individual stop-loss and aggregate excess insurance.

NIHIP has contracted with Gallagher–Bassett Services, Inc., to provide claims administration under the agreement. Employees such as plaintiff submit claims directly to Gallagher–Bassett for an initial determination of whether the claim is covered and if covered, for payment of benefits. Any participant in the NIHIP plan who has been denied a benefit is entitled to request a review by the NIHIP board of directors. According to defendants, the decision of the board of directors is final. The members of NIHIP are limited to Illinois public school districts; District 95 is a member of NIHIP.

Since 1983, the following statement has been included in the Plan for District 95:

> The Employer or Plan Administrator is hereby designated the named fiduciary with respect to the administration of the Plan for the purposes of the Employee Retirement Income Security Act of 1974 (hereinafter called ERISA) and the Trustee is designated as the named fiduciary with respect to the investment and management of the assets of the Plan.

## OPINION

██ ERISA is comprehensive legislation with a purpose to protect "the interests of participants in employee benefit plans." 29 U.S.C. § 1001(b). It preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). ERISA regulates employee benefit plans such as the plan at issue. 29 U.S.C. § 1002(1). A "governmental plan", however, is exempted from ERISA regulation. A governmental plan is defined at § 1002(32) as, "a plan established or maintained for its employees by the ... government of any State or any political subdivision thereof, or by any agency or instrumentality of any of the foregoing...." Section 1003(b) states, "The provisions of this subchapter shall not apply to any employee benefit plan if ... such plan is a governmental plan (as defined in § 1002(32) of this Title)...."

Defendants simply contend that the Plan is a governmental plan, which is not subject to ERISA; therefore the court lacks jurisdiction over the subject matter of the lawsuit. Plaintiff concedes that the plan at issue is a governmental plan but argues that NIHIP and its members have waived their exemption by the provision in the Plan designating the fiduciary "for the purposes of [ERISA]."

Plaintiff relies on *Livolsi v. City of New Castle*, 501 F.Supp. 1146 (W.D.Pa.1980);

*Brooks v. Chicago Housing Authority,* 1990 WL 103572, LEXIS No. 8233 (N.D.Ill. 1990); and *Lovelace v. Prudential Insurance Company of America,* 775 F.Supp. 228 (S.D.Ohio 1991). In *Livolsi,* the court held that multi-employer welfare fund to which various employers, both private and public, contributed was not within the governmental plan exemption. The basis of the court's ruling was that the local governmental body had chosen a private welfare benefit plan for its employees and by accepting a private plan, it could not later complain that ERISA regulation of that plan invaded its sovereignty. Similarly, in *Brooks,* the court ruled, relying on *Livolsi,* that where the local government body voluntarily chose to participate in a private benefit plan for its employees, it could not claim the exemption. The court stated, "[A] whole plan should not be exempt from ERISA merely because a governmental body participates in the plan." In *Lovelace,* the court held that a health insurance plan was a governmental plan where all participants were local governmental entities, even though private employers were eligible to participate in the plan. All of these cases stand for the proposition that the participation by a non-governmental employer takes a plan out of the definition of governmental plan of § 1002(32).

■ Defendants rely on *Feinstein v. Lewis,* 477 F.Supp. 1256 (S.D.N.Y.1979), *aff'd in unpublished opinion,* 622 F.2d 573 (2d Cir.1980); *Shirley v. Maxicare Texas, Inc.,* 921 F.2d 565 (5th Cir.1991); *Roy v. Teachers' Insurance and Annuity Association,* 878 F.2d 47 (2d Cir.1989); *Brown v. Northwestern National Life Insurance Company,* 1987 WL 18813 (E.D.La.1987); and *Lovelace. Feinstein* is almost precisely on point. There the trustees of the plan sought to waive their exemption by complying with ERISA and ceasing to comply with the New York insurance law. The trustees filed a declaratory judgment action seeking to compel the Secretary of Labor to enforce ERISA against them and to enjoin the state authorities from enforcing the state law. The court ruled that the subject plans were governmental plans within the meaning of § 1002(32) and therefore excluded from ERISA regulation.

In *Shirley,* the court ruled it was error for the district court to take jurisdiction and order arbitration under a governmental plan and that the order for arbitration was void. There, as in *Feinstein,* the plan administrator sought to avoid the exemption, yet the court ruled that ERISA did not govern the plan. Both *Roy* and *Brown* applied the governmental plan exemption to school districts.

Several of the opinions in the above-cited cases refer to the legislative history surrounding the enactment of ERISA. Nothing in that legislative history suggests that Congress intended to permit governmental employers to "opt in" to ERISA. Plaintiff relies on a statement of Senator Lloyd Bentsen in the legislative history, quoted in *Feinstein,* that state and local governments must be allowed to make their own determinations about the best methods of protecting the pension rights of state and local employees. In context, the statement was clearly made to justify the governmental plan exemption, however, not to suggest an opt-in provision. Neither do liberal construction rules change the result. The plain language of the statute exempts government plans. No liberal construction principle negates that.

It is concluded, therefore, that the Plan under which plaintiff seeks benefits is exempt from ERISA. Therefore, there is no federal question and this court lacks jurisdiction of the subject matter.

## RECOMMENDATION

It is recommended that the court find that it lacks subject matter jurisdiction and dismiss the case without prejudice to refiling in the state court.

Written objection to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Charles R. Norgle, Sr., within ten days after service of this Report and Recommendation. *See* Fed.R.Civ.P.

72(b). Failure to object will waive any such issue on appeal.