**James CLARK, By and Through His Legal Guardian, William M. CLARK, 18922 Forrest Hills Drive, Woodhaven, Michigan 48183, Plaintiff,**

v.

**GROUP PLAN FOR EMPLOYEES OF NORTH TONAWANDA PUBLIC SCHOOLS, 175 Humphrey Street, North Tonawanda, New York 14120, Defendant.**

No. 92–CV–814S.

United States District Court, W.D. New York.

March 10, 1994.

118

Nuttall, Brown and Associates, Midvale, UT, for plaintiff; Scott D. Brown, of counsel.

Barry J. Donohue, Tonawanda, NY, for plaintiff.

Falk & Siemer, Buffalo, for defendant; Margaret M. Corcoran, of counsel.

Norton/Radin/Hoover/Freedman, Kenmore, NY, for defendant; Bernard B. Freedman, of counsel.

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

A consent to proceed before the undersigned on was filed on May 27, 1993.

### BACKGROUND AND FACTS

Plaintiff's Legal Guardian, William M. Clark, is a Michigan resident, bringing this action on behalf of his brother, James Clark, also a Michigan resident, who was incapacitated as a result of an automobile accident which took place on June 4, 1988. Defendant, Group Plan for Employees of North Tonawanda Public Schools ("Group Plan") is a health benefit plan organized by the North Tonawanda Public Schools for the benefit of its employees. The Group Plan was formed as a self-insured health benefit plan on December 1, 1988, and is administered by a third party administrator on behalf of the North Tonawanda Public Schools.

James Clark sustained severe brain injuries as a result of his automobile accident, incurring high medical costs. From May 15, 1990 until September 11, 1990, Clark was cared for at the New Medico Healthcare Center in Michigan. The cost of his stay at the New Medico facility during that period was $98,889.00. Clark's representative at that time, his former wife Mary Jane Clark, who was and remains an employee of the North Tonawanda School District, filed claims with FCS Health Administrators, Inc. ("FCS"), the Group Plan's third party administrator during that time period, beginning on July 13, 1990, relating to the New Medico confinement.

On August 25, 1990, John Tylec, the Personnel Director for the North Tonawanda Public Schools authorized FCS to initiate "large case management" for James Clark. See Exhibit A, James Clark/New Medico Scenario of Events, Plaintiff's Memorandum in Opposition. Tylec contacted the North Tonawanda Public Schools' attorney on January 25, 1991 to apprise him of the Clark situation. On March 20, 1991, Tylec notified FCS that the New Medico claim should be denied; Mary Jane Clark was notified of this

decision by FCS on April 8, 1991. Thereafter, Nova Healthcare Administrators ("Nova") replaced FCS as the third party administrators of the Group Plan. The claim was appealed to Nova pursuant to the Group Plan procedures. On January 30, 1992, Nova informed Mrs. Clark that the claim was denied on the basis that the treatment was not medically necessary.

On December 8, 1992, Plaintiff filed this lawsuit, raising two causes of action—a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), and a pendent breach of contract claim.

On February 17, 1994, Defendant filed a motion for summary judgment. Oral argument on the matter was held on March 9, 1994.

For the reasons as set forth below, Defendant's motion is GRANTED in part and DENIED in part.

### DISCUSSION

Defendant is seeking summary judgment on the ground that (1) there is no subject matter jurisdiction as the Group Plan at issue in this case is exempt from ERISA, and no other independent jurisdictional basis for the breach of contract claim has been raised, and (2) this action is time barred as no Notice of Claim was filed with the North Tonawanda Public Schools, and the action was filed more than one year following the date the cause of action accrued, the statutory time limit contained in N.Y. Education Law § 3813.

#### 1. ERISA claim

Defendant claims that Plaintiff's cause of action under ERISA must fail as the Group Plan which is the subject of this action is a governmental plan and, therefore, exempt from the provisions of ERISA.

In this case, Plaintiff concurs that the Group Plan is "really a governmental plan exempt from ERISA." See Memorandum in Opposition, dated March 1, 1994, at p. 14. Despite this fact, Plaintiff contends that the Group Plan held itself out to its members as an ERISA plan, devoting a page in the

Group Plan Booklet distributed to members to discuss a "Statement of ERISA Rights." Nonetheless, Plaintiff states that he "is concerned that it could be deemed reversible error for this Court to deny Defendant's Motion ... on the basis that the Plan has either waived or is estopped from claiming, exemption from ERISA," *see* Plaintiff's Memorandum in Opposition, dated March 1, 1994, at p. 11, as, under the holding of *Insurance Corporation of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982), where subject matter jurisdiction is concerned, "the consent of the parties is irrelevant [and] principles of estoppel do not apply." *Id.,* 456 U.S. at 702, at 2104. Therefore, Plaintiff seeks to amend the complaint to assert an independent jurisdictional basis for the state breach of contract claim based on diversity.

■ A governmental plan is defined at 29 U.S.C. § 1002(32) to include a plan maintained for employees of any state or political subdivision thereof. In *Feinstein v. Lewis,* 477 F.Supp. 1256 (S.D.N.Y.1979), the court found that two public school districts were political subdivisions of the state, and that the plaintiff employees were that of "the government of a State or political subdivision thereof." *Feinstein, supra,* at 1259. Similarly, in *Lovelace v. Prudential Insurance Company of America,* 775 F.Supp. 228 (S.D.Ohio 1991), the court held that a school district health insurance plan was a "governmental plan," exempted from ERISA, and, therefore, outside of the subject matter jurisdiction of the federal court. *Lovelace, supra,* at 230. *See also* Opinion of U.S. Department of Labor, Office of Pension and Welfare Benefit Programs, No. 79–83A (November 20, 1979) (Health and Welfare Fund of the Philadelphia Federation of Teachers, which provided health, disability, retirement, and death benefits to employees and their families, held to be a governmental plan within the meaning of ERISA).

■ Based on the prevailing caselaw and opinions, the court finds that the Group Plan, formed by the North Tonawanda Public Schools for the benefits of its employees, is a governmental plan, and, therefore, not subject to the provisions of ERISA. Accordingly, Plaintiff's cause of action under ERISA should be dismissed based on a lack of subject matter jurisdiction, and Defendant's motion for summary judgment on this cause of action is GRANTED.

However, the court also finds that, in the interest of justice, Plaintiff should be permitted to amend the complaint to assert a jurisdictional basis on diversity grounds.

■ Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, leave to amend a pleading will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile. *Foman, supra,* at 182, 83 S.Ct. at 230; *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647 (2d Cir.1987). The court has discretion to deny leave to amend where the motion to amend is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay. *Cresswell, supra,* at 72.

■ Trial in this case is scheduled to begin on March 21, 1994. Defendant filed its motion for summary judgment based on lack of subject matter jurisdiction on February 17, 1994. In his response, filed March 1, 1994, Plaintiff stated that, if the court found no subject matter jurisdiction based on ERISA, it would seek to amend the Complaint to assert an independent jurisdictional ground for the breach of contract claim. Further, Defendant has indicated that it would not object to the amendment of the Complaint to assert diversity as a jurisdictional ground. The court finds that Defendant will not be prejudiced if Plaintiff is allowed to amend his complaint, as Defendant has been preparing for trial in federal court on the breach of contract claim since the initiation of this action. For the court to now dismiss the claim, and to require Plaintiff to re-assert the claim in state court,

would only delay the resolution of this action which has pending since 1992, which the court concludes would be prejudicial to Plaintiff.

Therefore, the court directs that Plaintiff file an amended complaint solely for the purpose of asserting diversity as a jurisdictional basis **no later than March 18, 1994.**

### 2. *Statute of Limitations Bar*

Defendant also contends that Plaintiff's breach of contract claim is time barred because of Plaintiff's failure to comply with the requirements of New York Education Law § 3813. N.Y.Education Law § 3813 provides in part that:

> No action or special proceeding, for any cause whatsoever, except as hereinafter provided, relating to district property or property of schools ... or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services, or school ... or any officer of a school district, board of education, board of cooperative educational services, or school ... unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim....

N.Y.Education Law § 3813(1).

Further, subdivision 2–b of N.Y.Education Law § 3813 provides that:

> Except as provided in subdivision two of this section and, notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose....

N.Y.Education Law § 3813(2–b).

Defendant contends that Plaintiff never filed a Notice of Claim with the governing body of the North Tonawanda Public Schools, as required by § 3813, and that, further, Plaintiff filed his lawsuit more than one year after his cause of action accrued, and that, therefore, Plaintiff is now time barred from litigating this action.

Plaintiff argues that, even if Section 3813 of the Education Law applies to this action, Defendant is estopped from raising the statute of limitations defense as its own Group Plan Document states that the statute of limitations period for bringing a claim based on the Group Plan is three years. Further, its Group Plan Booklet, distributed to the Group Plan members, states that the statute of limitations period for bringing a claim is two years, and the Group Plan's attorney, on December 4, 1992, acknowledged the two year statute of limitations period as stated in the Group Plan Booklet, but further represented to Plaintiff's counsel that the statute of limitations period, according to the Group Plan Document, was actually three years. Finally, Plaintiff also contends that a Notice of Claim letter was sent to the Group Plan's Administrator and to the Personnel Director of the North Tonawanda City School District, John Tylec, on November 30, 1992. The records submitted by Plaintiff reveal that Mr. Tylec was informed of the medical dispute during 1990 and into January, 1991, and was earlier aware, on an ongoing basis, of Plaintiff's medical condition, his confinement and treatment at the New Medico facility, and the accruing of Plaintiff's medical costs. *See* Exhibit A, Memorandum in Opposition.

An examination of the Group Plan Booklet reveals a provision which states:

> *Action Against Company* [sic] No action at law or in equity can be brought against the Plan less than 60 days after proof of loss has been filed according to the requirements for proof of claim, or more than two years after the end of the period during which proof of loss is required.

In contrast, the Group Plan Document states that:

> No legal action against the Plan for the recovery of any claim shall be commenced within sixty days or after three years from

the expiration of the time in which proof of claim is required.

Both of these contractual statute of limitations periods are greater in length than that provided by N.Y.Education Law § 3813.

■ The purpose of Section 3813 of the Education law is to give a school district prompt notice of claims "so that investigation may be made before it is too late for investigation to be efficient." *Matter of Board of Education, Union Free School District # 7, Town of North Hempstead,* 7 N.Y.2d 476, 199 N.Y.S.2d 649, 166 N.E.2d 666, 668–669 (1960). The parties to a contract may indicate their intent that the statutory limitations period in Section 3813 be inapplicable. *Matter of Guilderland Central School District,* 45 A.D.2d 85, 356 N.Y.S.2d 689, 691 (3rd Dep't.1974). However, a waiver of Section 3813 may not be presumed. "The parties must either affirmatively agree that the statutory notice clause be inapplicable, or, at least, set out detailed procedures which are 'plainly inconsistent with those contained in that section.'" *Matter of Geneseo Central School,* 53 N.Y.2d 306, 441 N.Y.S.2d 229, 423 N.E.2d 1058, 1060 (1981) (quoting *Matter of Guilderland Central School District, supra,* 356 N.Y.S.2d at 691).

Defendant argues that the claim procedures set forth by the Group Plan are not inconsistent with the requirements of Section 3813. Defendant states that the Group Plan Booklet provides that affirmative proof of loss on which a claim for hospitalization or disability may be based must be furnished no later than 90 days after the date of loss, and that actions at law or in equity may not be filed until 60 days after proof of loss has been filed. Defendant claims that these provisions are substantially similar to Section 3813 as they require a notice of the claim to be filed within three months of the loss. However, an examination of the Group Plan Booklet reveals that the 90 days requirement of filing affirmative proofs of loss simply means that medical claims must be filed with the Group Plan no later than 90 days after the loss is

incurred.[1] These provisions are is distinguishable from Section 3813's requirement that a verified formal Notice of Claim, based on a dispute, be submitted to the governing body within three months of the accrual of the claim. Taken to an extreme, Defendant's interpretation of the Group Plan Booklet would mean that employees seeking reimbursement of health benefits would be required to file their medical claims relating to hospitalization or disability with the governing body, *i.e.,* the North Tonawanda School Board, within 90 days of their incurrence in order to preserve any future disputed claim. This is plainly inconsistent with the Group Plan's directive to its members to file their claims with the Plan Manager. The court does not find that the public policy behind Section 3813 would be served even if the requirement was so rigidly construed to apply to a contractual health benefit plan such as the Group Plan at issue here.

■ In this case, there is no evidence that either the Plan Document or the Plan Booklet affirmatively agreed that Section 3813 was inapplicable to the Group Plan. However, the provisions of both the Plan Document and the Plan Booklet set forth procedures which are "plainly inconsistent" with the provisions of Section 3813. In fact, the provisions in the Plan Document and the Plan Booklet are not even consistent with each other. The court finds that it was clearly the intent of the Group Plan not to follow the procedures as set forth in Section 3813 as substantially different claim procedures were instituted in the drafting of the Group Plan documents. The court cannot now find that the statute of limitations period provided in Section 3813 applies to any claims resulting from an alleged breach of contract of the terms of the Group Plan. As in *Matter of Guilderland Central School District,* the court concludes that "the purposes that section 3813 were intended to serve—the protection of the [school district] against protracted delays by employees [or other cov-

1. The Group Plan Document, in contrast to the Plan Booklet, provides that written proof of claim must be given to the Plan Manager by the end of the calendar year following the year in which the expense was incurred, unless coverage is terminated, in which case, written proof of claim must be given to the Plan Manager within ninety days of the date of the termination of coverage.

ered family members] which may adversely affect its ability to investigate, and, where appropriate, to settle claims promptly—are insured by the absolute bar against the employee [or his family] proceeding further if an appeal is not filed within the contractually specified time limitation." *Matter of Guilderland Central School District, supra,* 356 N.Y.S.2d at 691.[2]

■ Defendant also asserts that, under New York General Obligations Law § 17–103, an agreement to extend the statute of limitations must be in writing, signed by the promisor, and made after the cause of action has accrued and not at the inception of liability. *See John J. Kassner & Co., Inc. v. City of New York,* 46 N.Y.2d 544, 415 N.Y.S.2d 785, 389 N.E.2d 99 (1979). However, Defendant was unable to submit any case where the General Obligations Law limitations period was held to apply to a school district in conjunction with N.Y.Education Law § 3813, and the court notes that both the New York Court of Appeals, and the New York Supreme Court, Appellate Division, Third Department, in considering Section 3813 in conjunction with contractual disputes, did not apply or even mention GOL § 17–103 in their decisions. *See Matter of Geneseo Central School, supra; Matter of Guilderland Central School District, supra.* Further, even if GOL § 17–103 was held to be applicable to this matter, § 17–103(4)(b) expressly states that the provisions of § 17–103(1) do not affect a court's power to find that it would be inequitable to permit a defendant, based on its conduct, to assert a statute of limitations defense. Based on its discussion, this court concludes that, based on the principles of equitable estoppel, Defendant should be es-

topped from claiming that this action is now time barred.

In this case, it is undisputed that Plaintiff provided interim billings to FCS, the Group Plan Administrator, on an ongoing basis from the New Medico facility. After a dispute arose, Plaintiff filed appeals with FCS and Nova, which FCS and Nova then considered on the merits.[3] Upon a final denial of the claim, Plaintiff clearly filed his action within the time periods set forth in both the Plan Document and the Plan Booklet. Accordingly, Defendant's motion for summary judgment on the ground that the action is time barred is DENIED.

### CONCLUSION

Based on the foregoing discussion, Defendant's motion for summary judgment on Plaintiff's ERISA claim is GRANTED. Defendant's motion for summary judgment on Plaintiff's breach of contract claim based on statute of limitations grounds is DENIED. Plaintiff is directed to file an Amended Complaint in accordance with this Decision and Order no later than March 18, 1994.

SO ORDERED.

2. The court notes that Defendant argues that, at the time of Plaintiff's counsel's discussion with the Group Plan's attorney on December 4, 1992, the one year statute of limitations period pursuant to Section 3813 had already expired as the notification of the first denial of the claim was made to Plaintiff on April 8, 1991, and, therefore, Plaintiff could not have relied on Defendant's representation of the applicable statute of limitations period. However, at oral argument, counsel agreed that the final denial of the claim, after the administrative appeal which was required by the Group Plan prior to instituting any legal action, was given by Nova on January 30, 1992.

Therefore, as of December 4, 1992, the one year limitations period as set forth in Section 3813 may not have yet expired.

3. Defendant noted that the appeal of the denial of the claim was filed 82 days after the denial—in violation of the Group Plan's requirement that any appeals be filed within 60 days of a denial, however, Defendant conceded that as FCS and/or Nova considered the appeal on the merits, and did not dispute the timeliness of the claim, any assertion of untimeliness of the claim at this point would be waived.