MISSOURI STATE COLLEGES AND UNIVERSITIES GROUP INSURANCE CONSORTIUM, INC., Plaintiff,

v.

BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, Defendant.

No. 97–0972–CV–W–3.

United States District Court, W.D. Missouri, Western Division.

Oct. 16, 1997.

Paul D. Cowing, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, Andrew Ky Haynes, Kansas City, MO, for Plaintiff.

Todd W. Ruskamp, Michael Kevin Underhill, Shook, Hardy & Bacon, Kansas City, MO, for Defendant.

## ORDER OF REMAND

SMITH, District Judge.

This case was removed to this Court from the Circuit Court of Jackson County, Missouri by Defendant Business Men's Assurance Company of America by its Notice of Removal dated July 7, 1997. Pending before the Court is Plaintiff's Motion For Remand to the Circuit Court of Jackson County, Missouri (Doc. # 6). For the reasons set forth below, Plaintiff's motion to remand is granted. Plaintiffs motion for costs, including attorneys fees is denied. Defendant's request for an evidentiary hearing is denied.

## BACKGROUND

Plaintiff, The Missouri State Colleges and Universities Group Insurance Consortium, Inc. ("MSU") is a not-for-profit corporation organized as a Risk Management Association pursuant to Section 176.500 of the Revised Statutes of Missouri. The MSU Consortium is comprised of the following member institutions: Central Missouri State University, Harris–Stowe State College, Missouri Southern State College, Missouri Western State College, Southeast Missouri State University

and Truman State University. Each of the member institutions is a "state educational institution" as defined in Section 176.010(5) of the Revised Statutes of Missouri. The MSU Consortium is controlled by the member institutions and its Board of Directors is comprised of one director from each of the member institutions. The Defendant, Business Men's Assurance Company of America ("BMA") is a corporation engaged in the business of insurance. The MSU Consortium requested proposals as sealed bids from insurance companies (including BMA) to provide group life and group long-term disability insurance to employees of the college and university member institutions of the MSU Consortium. BMA submitted a proposal which was ultimately accepted by the MSU Consortium as the policyholder.

The MSU Consortium commenced this action after BMA denied certain coverage and payments to MSU's employees and their surviving beneficiaries which MSU alleges the insurance agreement covered. MSU's petition alleges negligent misrepresentation, breach of the contract of insurance, promissory estoppel and declaratory judgment. BMA asserts in its Notice of Removal that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 as an action arising under the Employee Retirement Income Security Act ("ERISA").[1]

### DISCUSSION

■ Defendant alleges that Plaintiffs' state law causes of action relate to an employee welfare benefit plan and are covered by ERISA. A cause of action filed in a state court seeking ERISA plan benefits is preempted by ERISA and is removable to federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Life Ins. Co. v.*

*Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The parties' briefs focus solely on whether the MSU Consortium plan is covered under an exception to ERISA.

ERISA was enacted by Congress for the purpose of protecting "the interests of participants in employee benefit plans." 29 U.S.C. § 1001(b). Section 1003 of ERISA addresses which types of plans are covered and which types of plans are exempted from ERISA coverage. Plaintiff claims this suit involves a "governmental plan" that is exempted from ERISA coverage pursuant to section 1003(b)(1). The term "governmental plan" is defined in 29 U.S.C. § 1002(32) as follows:

> The term "governmental plan" means a plan established or maintained for its employees by the government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing.

Plaintiff contends the MSU Consortium is an "agency or instrumentality" or "political subdivision" of the State to qualify under the definition.

The Eighth Circuit has not addressed this issue in an ERISA context.[2] However, several other courts have held that public school districts are exempt from ERISA because they are government plans. *Shirley v. Maxicare Texas, Inc.,* 921 F.2d 565 (5th Cir.1991) (holding that health plans established by the Aldine Independent School District are exempt); *Lovelace v. Prudential Ins.. Co. Of America,* 775 F.Supp. 228 (S.D.Ohio 1991) (holding that employee of a city public school district participating in a health insurance plan established by collective bargaining with public and private Ohio educational institutions are exempt from ERISA); *Krystyniak*

---

1. 29 U.S.C. § 1002(1).

2. Defendant cites *Truman Medical Center, Inc. v. National Labor Relations Bd.* 641 F.2d 570 (8th Cir.1981) as the only Eighth Circuit authority. *Truman* held that the medical center was not a political subdivision of the state under the standards of the National Labor Relations Board. However, the surrounding discussion demonstrates that the University of Missouri–Kansas City (UMKC) is an exempt political subdivision.

The court states that "TMC has also operated as a teaching hospital under an affiliation agreement with the University of Missouri–Kansas City." The Court then explains that Truman Medical Center is not transformed into a political subdivision just because it has contractual relations with exempt political subdivisions. Like the member institutions of the MSU Consortium, the University of Missouri–Kansas City is included in the list of "state educational institutions" in Section 176.010(5).

*v. Lake Zurich Community Unit Dist.*, 783 F.Supp. 354 (N.D.Ill.1991) (employee benefit welfare plan established by a community unit school district in a cooperative agreement where each member school district has a member on the board of directors is exempt); *Feinstein v. Lewis*, 477 F.Supp. 1256 (S.D.N.Y.1979), *affd*, 622 F.2d 573 (2nd Cir. 1980) (found as an undisputed fact that employees of public school districts covered by welfare benefit plans established pursuant to collective bargaining agreement are exempt); *Clark v. Group Plan For Employees of North Tonawanda Public Sch.*, 845 F.Supp. 117 (W.D.N.Y.1994) (holding that health benefit plan administered by third party administrator for public school is governmental plan); *Berthelot v. Travelers Ins.. Co.*, 1997 WL 313232 (E.D.La.1997) (holding that school board is agency or instrumentality of a political subdivision of the state and exempt from ERISA); *Zeller v. Reading Sch. Dist.*, 1992 WL 160466 (E.D.Pa.1992) (holding governmental plan exception for public school district employee benefit plans include privately administrated plans purchased by public schools). Most of the school district cases hold that the school district's plan is exempt because they are an agency or instrumentality.[3] MSU is the same type of benefit plan as noted in the cases above. The only difference in a few of the cases is that they include primary and secondary public schools whereas MSU covers colleges. The fact remains, however, that the colleges and universities comprising MSU are "state educational institutions." Thus, MSU's plan for health benefits is exempt from ERISA because the MSU Consortium is "an agency or instrumentality" under the governmental plan exception.

BMA contends that MSU is not exempt because the plan was not established or maintained by the consortium. However, MSU consists of members from each of the state schools. The consortium's board of directors, consisting of one member from each school, has been created and now directs the health plan. Additionally, the Attorney General of Missouri has given his opinion that the MSU Directors are acting as state employees in the performance of their duties.

BMA also contends the consortium is not a political subdivision of Missouri because it was not created directly by the state. BMA cites *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910 (2nd Cir.1987), *cert. denied*, 485 U.S. 936, 108 S.Ct. 1112, 99 L.Ed.2d 273 (1988) which established a definition of "political subdivision." *Rose* used criteria from the National Labor Relations Board which indicated that "political subdivision" meant an entity "that either (1)[was] created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate." 828 F.2d at 916 (citations omitted). The MSU Consortium is a political subdivision of the state because it is created by statute[4] and controlled by state employees as directors. However, even if MSU was not a political subdivision, it is certainly an agency or instrumentality.

Plaintiff has requested fees and costs incurred in bringing the motion to remand. Under 28 U.S.C. § 1447(c), "an order remanding a case may require payment of just costs, including attorney's fees, at the Court's discretion." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F.Supp. 296, 301 (E.D.Mo.1997) (citing 28 U.S.C. § 1447(c); *Penrod Drilling Corp. v. Granite State Ins.. Co.*, 764 F.Supp. 1146, 1147 (S.D.Tex.1990); *IMCO USA. Inc. v. Title Ins. Co. Of Minn.*, 729 F.Supp. 1322, 1324 (M.D.Fla.1990)). The law in the Eighth Circuit is unsettled on the interpretation of

---

3. It is interesting to note that although all of the cases cited conclude the same, none of them utilize the factors set forth in *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910 (2nd Cir.1987) to establish whether the entity is "an agency or instrumentality." Accordingly the Court declares that it has considered those factors and taken them into account while reading the cases listed above and formulating its decision.

4. Section 176.500 of the Revised Statutes of Missouri provides the authority to create the MSU Consortium and Section 176.010(5) defines the members of MSU as "state educational institutions."

ERISA exemptions and Plaintiff did not plead exemption from ERISA coverage on the complaint. The removal of this case by the Defendant presented complex preemption issues and so the Court finds that an award of fees and costs is not warranted in this matter.

### CONCLUSION

Because this Court finds no difference between the school district plans in the cases above and MSU, the Court finds that the MSU Consortium is an agency or instrumentality of the state or a political subdivision of the state. The MSU Consortium is exempt from ERISA because it is a governmental plan and therefore no longer has federal question jurisdiction. Accordingly, this Court does not have subject matter jurisdiction over this action. Thus, pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Circuit Court of Jackson County, Missouri. Plaintiffs request for costs and attorneys fees is denied. Defendant's request for an evidentiary hearing is also denied.

The Clerk of the Court is directed to mail a certified copy of this Order of Remand to the clerk of the Circuit Court of Jackson County, Missouri as is required by 28 U.S.C. § 1447(c).

IT IS SO ORDERED.